IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC

    Plaintiff

    v.

John Does 1 - 13,

    Defendants.

Civil Action No.: 12-cv-12586-PJD-MJH

Honorable Patrick J. Duggan

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave
Suite 100
Bloomfield Hills, MI 48304
248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI 48342
Tel: (248) 292-2920
Fax: (248) 292-2910

Attorney for Third Party Subpoena
Recipient

**THIRD PARTY SUBPOENA RECIPIENT'S COMBINED MOTION AND BRIEF TO QUASH PLAINTIFF'S SUBPOENA OF WOW AND FOR THE COURT TO ISSUE SHOW CAUSE OF WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED**

## I.    INTRODUCTION

    Third Party Subpoena Recipient and Putative Defendant, John Doe No. 11 (hereinafter "Doe No. 11"), by its attorneys, Dobrusin & Thennisch, PC, hereby moves this Court to quash Plaintiff's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served upon WOW Internet, Cable & Phone (hereinafter "WOW"), an Internet Service Provider ("ISP"), on July 13, 2012 – pursuant to the prior July 9, 2012, Order of this Court.

Most notably, the Subpoena issued by Plaintiff was directed to WOW seeking certain identifying information related to Doe No. 11's putative Internet protocol address ("IP address"), 64.233.241.50, on 5/13/2012 at 6:35 UTC. (*See* Exhibit A - Subpoena). Doe No. 11 hereby moves this Court to quash Plaintiff's Subpoena for the following reasons: (1) WOW did not comply with the procedural safeguards required and previously ordered by this Court; (2) under at least Fed. R. Civ. P. 45, the Subpoena itself failed to allow a reasonable time for a third party to respond; (3) the Subpoena subjects Doe No. 11 to undue burden as it seeks information that is highly personal, confidential, and simply not relevant because Plaintiff cannot link Doe No. 11 to any form of the alleged infringing activity; (4) the subpoena should be quashed because joinder of unnamed parties is improper; and (5) most fundamentally, the named Plaintiff lacks fundamental Article III standing concerning the putative copyright registrations at issue in this action against anyone for the reason that Malibu Media, LLC cannot concededly own any but one of the asserted works since 14 out of 15 works were created before Malibu Media, LLC itself even existed as an ascertained legal entity in the State of California.[1]

In accordance with local rule E.D. Mich LR 7.1, the brief in support of this motion begins on the following new page. Further, the undersigned counsel contacted Plaintiff's counsel in a writing on August 16, 2012 which specifically addressed the nature of this motion, included supporting documentation, and sought concurrence (and communication) for the requested relief to avoid the burden and expense of preparing this pleading. No response was received before the deadline to file the present motion to quash and John Doe No. 11 now also seek its fees and costs to prepare and file this motion.

---

[1] As shown at Exhibit A hereto, Malibu Media, LLC did not exist as a legal entity until February 8, 2011. Yet, 14 out of 15 of the asserted copyright registrations were "created" and "published" before February 8, 2011. It is axiomatic that Malibu Media, Inc. could not have "authored" any works prior to its own creation. *See* Exhibit B.

## II. FACTUAL BACKGROUND

On June 14, 2012, Malibu Media, LLC ("Plaintiff") filed the present action assigned to Judge Duggan, which is one of at least nine similar cases before the Eastern District of Michigan. The numerous lawsuits all pertain to a common Plaintiff's assertion of copyright infringement of certain adult entertainment content which the Plaintiff itself identified and recited as an exhibit to the complaint (*See* Doc #1, Exhibit 2, 3). This action before the Eastern District of Michigan (Civil Action No.: 12-cv-12586-PJD-MJH) is against 13 unnamed John Doe defendants who are identified in the Complaint (*See* Doc #1, Exhibit 1) solely based on their putative Internet Protocol ("IP") addresses, such as Doe No. 11's putative IP address of 64.233.241.50. Plaintiff then sought to subpoena WOW and other ISPs corresponding to the IP addresses to obtain identifying information to identify the persons or entities who were assigned the specific IP addresses. In the subpoenas, Plaintiff requests production of "documents identifying the name, address, and telephone number of John Does listed" to effectively shame defendants and/or associate the actual ascertained person(s) with the adult entertainment content for purposes of procuring a settlement under the – not so – veiled threat that their identity will be revealed in the litigation with no regard to whether the party assigned to the IP address was the actual infringer or a viewer of the subject matter in the underlying lawsuit. (*See* Exhibit A - Subpoena).

Given the confidential nature of the personal information that is sought, coupled with the good cause established herein, Doe No. 11 now moves to quash the Subpoena. On a more fundamental level, Doe No. 11respectfully informs the Court that the present Plaintiff, Malibu Media, LLC is engaging in the worst type of proverbial "fishing expedition" via the present Subpoena since it is both a legal and factual impossibility for Malibu Media, LLC to actually be the "author" or "employer for hire" of the vast majority of the asserted copyright works since

3

Malibu Media, LLC itself did not even exist when the works were created based upon the applicable dates set forth in Plaintiff's own complaint (See Doc #1, Exhibit 2, 3) in contrast to the clear fact that the State of California did not even create the named Plaintiff as a legal entity until February 8, 2011.

### III. LEGAL BACKGROUND AND ARGUMENT

*1. The Subpoena Should Be Quashed Because WOW Did Not Comply with Procedural Safeguards Required by This Court in the Prior Order*

In this action, the Honorable Judge Duggan previously granted Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference "with certain limitations" (Doc #3, p. 3). The Judge's Opinion and Order Granting Plaintiff's Motion for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Order") from July 9, 2012, specifically required and mandated the following:

> If and when the ISPs are served with a subpoena, they shall give written notice, which may include email notice, to the subscribers in question within five (5) business days. If the ISPs and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of the service.

Plaintiff served the Subpoena on WOW, one of the ISPs, on July 19, 2012. (*See* Exhibit A – Subpoena). Pursuant to the Order, WOW was required to give Doe No. 11 a written notice within five days of July 13, 2012, that is by July 18, 2012. But WOW did not give Doe No. 11 a written notice until July 19, 2012. This delay shortened Doe No. 11's chance to timely ascertain the situation and retain legal counsel. Because WOW did not comply with the procedural safeguards set up by the Court, Doe No. 11 respectfully asks the Court to quash the Subpoena.

*2. The Subpoena Should Be Quashed Because WOW Failed to Allow a Reasonable Time to Comply under at least Fed. R. Civ. P. 45*

4

The federal courts have procedural and substantive safeguard to protect defendants' rights. The Federal Rules of Civil Procedure require a court to quash a subpoena which "fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). Furthermore, WOW wrote the following in its notice to Doe No. 11:

> [I]f you wish you move to quash the Subpoena, you must do so two (2) business days before the return date of the subpoena, which is **August 28, 2012**. Please be advised that, unless WOW is served with a motion to quash signed by the court on or before August 24, 2012, we intend to provide the requested information. (emphasis added).

WOW's counsel certainly read the Order and noted that the Order stated the motion to quash is to be filed 21 days from the date WOW was served; therefore, a motion to quash was to be filed by August 3, 2012. As a consequence, WOW not only notified Doe No. 11 later than the Order required on its face, but WOW also misinformed Doe No. 11 about the filing deadline for this motion to quash. Additionally, WOW did not provide Doe No. 11 with the complete July 9, 2012, Order, as the crucial page 3 was missing, which prevented Doe No. 11 from identifying the correct filing date for this motion. Because WOW did not comply with the procedural safeguards set up by the Court, Doe No. 11 respectfully asks the Court to quash the Subpoena.

Because WOW did not comply with the procedural safeguards set up by the Fed. R. Civ. P. 45, Doe No. 11 respectfully asks the Court to quash the Subpoena. This is especially requested where none of the Doe parties would have had any "independent" knowledge or access to Court's prior July 9, 2012, Order.

*3. The Subpoena Should be Quashed Because It Subjects Doe No. 11 to Undue Burden as It Seeks Information That Is Personal And That Is Not Relevant Because Plaintiff Cannot Link Defendant to the Alleged Infringing Activity*

Rule 45 provides that "the court by which a subpoena was issued shall quash or modify

the subpoena if it . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv).

> Whether a burden is undue requires weighing "the likely relevance of the requested material . . . against the burden . . . of producing the material." *EEOC v. Ford Motor Credit Co.,* 26 F.3d 44, 47 (6th Cir.1994). Courts also consider one's status as a nonparty to be a significant factor in the undue-burden analysis. *See, e.g., N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D.D.C.2005).

*In re Smirman,* 267 F.R.D. 221, 223 (E.D. Mich. 2010).

The Subpoena issued by Plaintiff to WOW is not relevant because the defendants were identified solely based on their IP addresses. An IP address is not equivalent to a person or an entity and cannot provide the information about the infringer's identity. Anyone within the range of the router corresponding to a specific IP address can access the Internet and become the putative infringer. In a recent decision issued by the Central District of Illinois, another Article III judge addressed the very same issue which lies in front of this Court. Judge Baker issued a decision on April 29, 2011, concerning *VP Internationale v. Does 1-101, No. 2:11-cv-02068,* in which a producer of adult entertainment content issued subpoenas to learn the identity of persons identified solely by their IP addresses. The court denied the issuance of the subpoenas and noted that, "IP subscribers are not necessarily copyright infringers. . . . The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of April 29, 2011, *Id.* (Attached as Exhibit D).

Just as in *VP Internationale,* anyone in the vicinity of Doe No. 11's router could fall within the zone of technical access. Hence, there is a great likelihood that any number of individuals or entities may have infringed Plaintiff's alleged copyright assets.[2] Therefore, the IP

---

[2] As more fully set forth herein, the named Plaintiff, Malibu Media, LLC cannot conceivably be named "author" of overwhelming majority of the asserted copyright works in this action since—on their face—all of the asserted copyright works were "created" and "published" before February 8, 2011. See Exhibit B; Doc #1, Exhibit 2.

address does not offer information about who was the alleged infringer, and the Subpoena seeking identifying information of the Doe No. 11 is not relevant.

Furthermore, as Judge Baker pointed out in *VP Internationale*, "[W]hether you're guilty or not, you look like a suspect." *Id.* at 3. Having an IP address would put virtually any individual, employer, or organization at risk of being accused of infringement and subject any IP address holder to reputational injury, harassment, and embarrassment if an IP address was enough to subpoena information and draw conclusions about a user's identity. After the identity is disclosed, any defendant might face too great of an injury to his or her reputation and might be forced to settle for the wrong reasons only to avoid further embarrassment. Indeed, Judge Baker addressed this very concern:

> Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether [Plaintiff] has competent evidence to prove its case.

*Id.*

Because Doe No. 11's personal identification information is confidential and Doe No. 11, like any human being, has personal, proprietary, and reputational interests in it, there is a great likelihood that disclosure of this information will be too burdensome to Doe No. 11 and will cause great reputational harm. Therefore, the Court should quash the Subpoena not only because it seeks information that is not relevant, but to further protect personal information of Doe No. 11.

*4. The Subpoena Should be Quashed Because Joinder of Unnamed Parties is Improper*

Federal Rule of Civil Procedure 20(a)(2) allows the joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

7

Further, under Rule 21, an improper joinder has to be severed. Most Article III courts around the country, including courts of this District, have held that when defendants are unrelated, use different services, and are subject to different defenses, they should not be joined only because they allegedly infringed the same asserted copyrighted subject matter.[3] For example, Judge Steeh of this judicial district previously held that joinder of unnamed Doe defendants identified solely by their IP addresses using the same technology as defendants in this action was improper under Rule 20 for permissive joinder because "there was never common activity linking the 23 [IP] addresses in th[e] matter." *Patrick Collins, Inc. v. John Does 1-23*, 11-CV-15231, 2012 WL 1019034 (E.D. Mich. 2012). The court severed the suit and advised plaintiffs to bring separate suits against each individual Doe defendant. Once again, for other reasons stated herein, it is submitted that this Plaintiff lacks standing to assert copyright infringement of vast majority of the registered works in this action against any party.

Plaintiff has filed lawsuits identical to this one in virtually every district of the country, issuing subpoenas to thousands of third party defendants by means of the permissive joinder doctrine. As one court noted concerning this same named Plaintiff: "Nothing in the record presently supports that plaintiff is using the court to 'pursue an extrajudicial business plan,' but the court notes some growing concern among district courts about these sorts of expedited discovery matters." *Malibu Media, LLC v. John Does 1 through 7*, 2:12-CV-1514-LKK-EFB, 2012 WL 2872842 (E.D. Cal. 2012). Another judge allowed expedited discovery to Doe No. 1,

---

[3] See *IO Group, Inc. v. Does 1–19*, No. C–10–03851–SI, 2010 U.S. Dist. LEXIS 133717,2010 WL 5071605(N.D.Cal. Dec. 7, 2010); *Interscope Records v. Does 1–25*, No. 6:04–cv–197–Orl–22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D.Fl. Apr. 1, 2004); *Artista Records v. Does 1–9*, No. 07–cv–961, 2008 U.S. Dist. LEXIS 57734 (S.D.Ohio July 29, 2008); *Artista v. Does 1–11*, No. 07–cv–2828, 2008 U.S. Dist. LEXIS 90183 (N.D.Ohio Nov. 3, 2008); *LaFace Records, LLC v. Does 1–38*, 2008 U.S. Dist. LEXIS 14544, (E.D.N.C. Feb. 27, 2008); *Elektra Entertainment Group, Inc. v. Does 1–9*, No. 04–civ–2289, 2004 U.S. Dist. LEXIS 23560 (S.D.N.Y. Sept. 7, 2004), *Patrick Collins, Inc. v. John Does 1-23*, 11-CV-15231, 2012 WL 1019034 (E.D. Mich. 2012).

but severed the joinder as improper:

> The Court is familiar with lawsuits like this one. [Citations omitted.] These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement—making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

*Malibu Media, LLC v. John Does 1 through 7*, 2:12-CV-1514-LKK-EFB, 2012 WL 2872842

(E.D. Cal. 2012).

Because the unnamed parties in this action are unrelated, the alleged infringement concerns several different works, each unnamed Doe may be subject to different defenses, and the alleged infringing activity happened on different days within several months, the joinder is improper under Fed. R. Civ. P. 20 and Plaintiff should be required to file separate actions against all unnamed Doe defendants. Therefore, the subpoena should be quashed, and the current suit dismissed pursuant to Fed. R. Civ P. 21.

   *5. The Subpoena Should be Quashed Because Plaintiff Lacks Standing*

To acquire standing to pursue a claim for copyright infringement, a plaintiff must show the "ownership of a valid copyright." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). Under the Copyright Act of 1976, copyright ownership "vests initially in the author or authors of the work." 17 U.S.C. § 201(a), *Community*

*for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).  Further, under 17 U.S.C. § 102, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection."  *Reid*, 490 U.S. at 737.  But an employer qualifies as an author if the work was prepared as a "work made for hire." 17 U.S.C. § 201(b).

When a claimant has not acquired rights to a work he or she is registering, the copyright statute requires that the copyright application include "a brief statement of how the claimant obtained ownership of the copyright." 17 U.S.C. § 409(5).  "Willfully failing to state a fact, (or willfully misstating a fact), which may have caused the copyright office to reject the application is grounds for invalidating the registration."  M. Nimmer & D. Nimmer, *Nimmer on Copyright,* § 7.20 at 7–202.  "A registration thus obtained is not only invalid, but is "'incapable of supporting an infringement action.'"  *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 456 (2d Cir.1989).

Plaintiff's copyright registrations presented in Doc #1, Exhibit 2, list Malibu Media, LLC as the "employer for hire" on all the of the allegedly infringed copyrighted works. 14 out of 15 of the copyrighted works were created and published either in 2009 or 2010. But Malibu Media, LLC was not registered with the State of California, and therefore did not exist as an entity which could be an employer, until February 8, 2012.

Doe No. 11 respectfully asks the court to issue a Show Cause Order as to how Malibu Media, LLC can possibly qualify as an "employer for hire" for works which were created months or years before Malibu Media, LLC even came into existence.  It is noteworthy that at least the Seventh Circuit has previously been faced with this same metaphysical issue involving the

10

application of the standard Julian calendar.  See *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d

586, 591 (7th Cir. 2003). The Seventh Circuit decided that Billy-Bob, Inc. could not claim that

its copyrighted work was a work made for hire because, as here, the relevant Billy-Bob, Inc.

corporate entity did not actually exist when the work was supposedly authored and created.  *Id.*

While the court ultimately held that the error in the copyright registration was not fatal since

Billy-Bob, Inc. was found to be an alter-ego of the actual authors of the work in question, the

court noted that mistakes on the registration "bar infringement actions [when] the alleged

infringer has relied to its detriment on the mistake, or the claimant intended to defraud the

Copyright Office by making the misstatement."  *Id.*  In addition, 17 U.S.C.A. § 506(e) provides

that "[a]ny person who knowingly makes a false representation of a material fact in the

application for copyright registration provided for by section 409, or in any written statement

filed in connection with the application, shall be fined not more than $2,500."

Based on the documents presented by the Plaintiff, such as Doc. #1, Exhibit 2 and

Exhibit 3 and Exhibit B attached hereto, Plaintiff's complaint presents major defects as

ownership of the allegedly infringed copyrighted works is legally and factually impossible. If the

Plaintiff did not exist as an entity at the time the alleged copyright works were created (i.e. when

the pornographic content was filmed), the registrations are fraudulent on their face since Malibu

Media, LLC simply could not have been the "employer for hire" of any of the performing cast or

crew of such productions.

Therefore, Doe No. 11 respectfully suggests that an Order to Show Cause is proper and

would further serve to narrow the scope of this action from 15 allegedly infringed works created

before Malibu Media, LLC became existent to a maximum of one infringed work ("Just the Two

of Us") that Malibu Media, LLC could have potentially ordered as a work made for hire because

11

it was created and published after Malibu Media, LLC's registration was filed with the State of California. It is also submitted that the requested Order to Show Cause may also promote judicial economy in view of the fact that this same Plaintiff, Malibu Media, LLC has filed multiple cases assigned to different judges before the Eastern District of Michigan against numerous other Does also asserting pornographic film subject matter which may also have been created years before Malibu Media, LLC ever existed.

Lastly, by the Plaintiff's own admission, the asserted copyrighted material relates to adult content and depictions of explicit sexual activity among human beings. The attention of the Court is respectfully directed to the record-keeping requirements of 18 CFR 2257 which requires purveyors of such material (such as Malibu Media, LLC) to maintain records relating to the performers and other information regarding the production. Since 18 CFR 2257 is already a legal requirement governing such adult content, the undersigned attorney states that the Plaintiff should have such materials readily available for review by the Court in a Show Cause Order to determine if Malibu Media, Inc. is, in fact, recited as the employer of such individuals when the works were created. If Malibu Media, LLC does not possess the required 18 CFR 2257 documentation, then the Plaintiff itself is in violation of federal law.

### IV. CONCLUSION

Under Rule 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorneys' fees – on a party or attorney who fails to comply." Furthermore, under Rule 26, discovery requests cannot be granted if "the burden . . . of the proposed discovery outweighs its likely benefit." Fed. R. Civ.

Pro. 26(b)(2)(C)(iii).  In this case, the information sought by the Subpoena is not relevant, places undue burden and seeks personal information.  Because personal information of Doe No. 11 is sought, the burden on Doe No. 11 outweighs possible benefit of disclosing personal identifying information to Plaintiff. Furthermore, the procedural safeguards guaranteed by at least Fed. R. Civ. P. 45 and safeguards which the Court put in place through the Order were not complied with as WOW did not notify Doe No. 11 timely and misinformed Doe No. 11 about the deadline date to quash the Subpoena.  Further, the joinder of unnamed parties is improper under the Rules of Federal Procedure.  Lastly, Plaintiff lacks standing to assert copyright infringement against any party concerning 14 out of the 15 allegedly infringed copyright works in this action.

Therefore, the Court should quash the Subpoena in order to safeguard Doe No. 11's privacy and rights.  In view of the foregoing, Doe No. 11 also requests his attorneys' fees and costs incurred in bringing this motion.

Respectfully submitted,

Attorneys for Attorney for Third Party

Subpoena Recipient


DATED this 17th day of August, 2012              By: _/s/Jeffrey P. Thennisch _____
                                                 Jeffrey Thennisch (P51499)
                                                 jeff@patentco.com
                                                 Dobrusin Thennisch PC
                                                 29 West Lawrence Street, Suite 210
                                                 Pontiac, MI 48009
                                                 (248) 292-2920

CERTIFICATE OF SERVICE

I, hereby certify that on August 17, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the E-file and Serve which will send notification of such filing to all counsel of record.

/s/Jeffrey P. Thennisch_____
Jeffrey P. Thennisch, Attorney for Third Party
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910

14