UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | |
| a California limited liability company, | Civil Action No. 2:12-cv-12586 |
| Plaintiff, | |
| vs. | Patrick J. Duggan |
| | United States District Judge |
| **JOHN DOES 1-13**, | |
| | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

| | |
|---|---|
| Nicoletti & Associates, PLLC | EPIC Law PLLC |
| Paul J. Nicoletti, Esq. (P44419) | Hattem A. Beydoun (P66071) |
| 36880 Woodward Ave, Suite 100 | PO BOX 32598 |
| Bloomfield Hills, MI 48304 | Detroit, Michigan 48232 |
| Tel: (248) 203-7800 Fax: (248) 203-7801 | Tel: (888) 715-8033 Fax: (313) 254-4923 |
| Email: paul@nicoletti-associates.com | Email: hbeydoun@epiclg.com |
| Attorney for Plaintiff | Attorney for Defendant John Doe Number One |

### DEFENDANT JOHN DOE NUMBER ONE'S MOTION TO QUASH THE JULY 13, 2012 COMCAST SUBPOENA

DEFENDANT JOHN DOE NUMBER ONE (hereinafter "Doe 1"), by and through his attorney, respectfully requests that this Honorable Court:

1) Quash the July 13, 2012 Comcast Subpoena as the subpoena is procedurally defective as it issued from the U.S. District Court of New Jersey, yet demands for production of documents in Bloomfield Hills, Michigan.

2) Quash the July 13, 2012 Comcast Subpoena, as the Plaintiff has not made a prima facie showing of actual evidence on each element of his copyright infringement claim.

Furthermore, Doe 1 joins Doe 4 in its motion for relief filed at DE 5, such relief including, but not limited, to severance from this action for improper joinder.

1

Pursuant to E.D. Mich. L.R. 7.1, Defendant's attorney contacted Plaintiff's counsel for purposes of explaining the nature of the motion and its legal basis for the relief sought, in response, Defendant's counsel did not provide concurrence.

Date: August 23, 2012 /s/Hattem Beydoun
EPIC Law PLLC
Hattem A. Beydoun (P66071)
PO BOX 32598
Detroit, Michigan 48232
Attorney for Defendant John Doe No. 1
Tel: (888) 715-8033 Fax: (313) 254-4923
hbeydoun@epiclg.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**MALIBU MEDIA, LLC,**
  a California limited liability company,  Civil Action No. 2:12-cv-12586
   Plaintiff,
 vs.  Patrick J. Duggan
   United States District Judge
**JOHN DOES 1-13**,
   Michael Hluchaniuk
   Defendants.  United States Magistrate Judge

| Nicoletti & Associates, PLLC<br>Paul J. Nicoletti, Esq. (P44419)<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800 Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br>Attorney for Plaintiff | EPIC Law PLLC<br>Hattem A. Beydoun (P66071)<br>PO BOX 32598<br>Detroit, Michigan 48232<br>Tel: (888) 715-8033 Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br>Attorney for Defendant John Doe No. 1 |
|---|---|

<u>**BRIEF IN SUPPORT OF:**</u>

<u>**DEFENDANT JOHN DOE NUMBER ONE'S MOTION TO QUASH
THE JULY 13, 2012 COMCAST SUBPOENA**</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ 4

STATEMENT OF ISSUES PRESENTED ................................................................................... 5

CONTROLLING/MOST APPROPRIATE AUTHORITY ........................................................... 6

I.   STATEMENT OF FACTS .................................................................................................... 7

   A.   Procedural Background ................................................................................................. 7

   B.   Substantive Background ................................................................................................ 7

II.   ARGUMENT ......................................................................................................................... 7

   A.   The Comcast Subpoena is Procedurally Defective ....................................................... 7

   B.   No Prima Facie Showing of Actual Evidence of Infringement by Doe 1 ....................... 8

III.   CONCLUSION ................................................................................................................... 10

## STATEMENT OF ISSUES PRESENTED

1. Should the Comcast Subpoena be quashed, as it is procedurally defective for being issued from the U.S. District Court of New Jersey, yet demands for production of documents in Bloomfield Hills, Michigan contrary to Fed.R.Civ.P. 45(a)(2)(C)?

Doe 1's Answer: Yes, the Comcast Subpoena should be quashed.

2. Should the Comcast Subpoena be quashed, as the Plaintiff has not made a prima facie showing of actual evidence on each element of his copyright infringement claim?

Doe 1's Answer: Yes, the Comcast Subpoena should be quashed.

# CONTROLLING/MOST APPROPRIATE AUTHORITY

*Cases*

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................. 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........................................................... 9

*Highfields Capital Management L.P. v. Doe*, 385 F.Supp.2d 969 (N.D. Cal. 2005) .......................... 8

*Kohus v. Mariol*, 328 F.3d 848 (6th Cir. 2003) .................................................................... 8

*Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556 (S.D.N.Y. 2004) ........................ 8

*Statutes*

17 U.S.C. § 201(a) ............................................................................................................. 9

17 U.S.C. § 201(b) ............................................................................................................. 9

*Rules*

Fed. R. Civ. P. 45(a)(2)(C) ................................................................................................ 8

I.     **STATEMENT OF FACTS**

    A.     **Procedural Background**

On June 14, 2012, Plaintiff Malibu Media, LLC (hereinafter "Plaintiff"), filed the instant action against 13 unidentified "John Does" for alleged infringement of 15 adult films.

Subsequently, this Court granted Plaintiff leave to serve subpoenas to non-party internet service providers for purposes of determining the identity of the defendant John Does.

On July 13, 2012, Plaintiff issued a New Jersey District Court subpoena to non-party Comcast commanding Comcast to produce documents in Bloomfield Hills, MI 48304.

    B.     **Substantive Background**

Plaintiff is a California Limited Liability Company formed on February 8, 2011. (Exhibit 1. California Secretary of State Business Entity Detail for Malibu Media, LLC). Plaintiff alleges that 13 different John Does infringed the copyrights of 15 films on separate dates, some months apart (Complaint, DE 1. Exhibit C, Pg ID 30-41), through the Bit Torrent filing sharing protocol. (*Id* at Pg ID 3). All fifteen films published prior to Plaintiff's formation. (*Id* at Exhibit C, Pg ID 30-41 and Exhibit 2. Web page printout for the film "Just the Two of Us" indicating a publication date as early as April 12, 2010).

Plaintiff premises its Complaint on mere speculation, without any supporting facts or legal basis, that since Doe 1 is the subscriber assigned the Internet Protocol (IP) where the allegedly infringing activity originated, then Doe 1 must be the individual who committed the wrongful acts. (Complaint, DE 1. Pg ID 6-8).

II.     **ARGUMENT**

    A.     **The Comcast Subpoena is Procedurally Defective**

The Comcast Subpoena, issued through the U.S. District Court for the District of New Jersey, commands Comcast to produce documents in Bloomfield Hills, Michigan. (Exhibit 3). Pursuant to Fed. R. Civ. P. 45(a)(2)(C), a subpoena must issue from the court for the district where the production is to be made. Therefore, the Comcast subpoena is defective on its face and should be quashed as Bloomfield Hills, Michigan is not located within the District of New Jersey.

      **B.**     **No Prima Facie Showing of Actual Evidence of Infringement by Doe 1**

To protect against an unjustified invasion of a John Doe defendant's right to privacy, anonymity, harassment and possible embarrassment, a plaintiff seeking discovery to identify such a defendant must demonstrate "a real evidentiary basis for believing that the defendant has engaged in wrongful conduct." *Highfields Capital Management L.P. v. Doe*, 385 F.Supp.2d 969, 970 (N.D. Cal. 2005). In *Highfields*, the court set forth a two part test for determining whether to quash a subpoena seeking the identity of a Doe defendant.[1] First, the plaintiff must show sufficient evidence for each element of the causes of action. Second, and only if plaintiff makes the first showing, the court weighs the harm to the plaintiff if the motion to quash is granted against the harm to the defendant if the motion is denied. See *Id.* at 975-976.

There are two essential questions at the heart of any copyright infringement action: whether the plaintiff owned the copyrighted work and whether the defendant copied it. *Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2003). For Plaintiff to meet its prima facie burden, the

---

[1] A plaintiff in a copyright infringement case who seeks discovery to uncover the identity of an unknown "John Doe" defendant must therefore make "a concrete showing of a prima facie claim of copyright infringement." *Sony Music Entertainment Inc. v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004).

Plaintiff must show sufficient evidence that it both owns the copyrighted films and that Doe 1 copied the films.

First, the Plaintiff has not shown that it owns the putative copyrights to the films. A copyright ordinarily vests in the author or authors of a work. 17 U.S.C. § 201(a). In the case of a work made for hire, where a work is created by an employee within the scope of his or her employment, copyright belongs to the employer as the employer is considered the author. 17 U.S.C. § 201(b). The Plaintiff believes and asserts that it acquired ownership of the film copyrights as the "employer for hire" (Complaint, DE 1, Exhibit B). However, this is impossible as the Plaintiff did not exist until February 8, 2011 and all 15 works were published prior to Plaintiff's date of creation. Therefore, Plaintiff could not have employed anyone to create the films and cannot claim ownership through 17 U.S.C. § 201(b).

Second, Plaintiff has failed to show sufficient evidence that Doe 1 copied the subject films. Plaintiff's assumption that the person (i.e. Doe 1) who pays for internet access at a given location (i.e. IP address) is the same individual who allegedly downloaded (i.e. copied) the films is merely speculative.[2] An IP address provides only the location at which one of many internet accessible devices may be in use, similar to a number of telephones using the same home telephone number. Therefore, it is no more likely that the account subscriber to an IP address downloading the films – than to say an individual who pays the telephone bill made a specific telephone call. In fact, with the increase in popularity of wireless routers, it is much less likely. Even a secure wireless router is subject to hacking where neighbors or passersby could access

---

[2] "Factual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

the Internet and use the IP address assigned to a particular subscriber and download the films. The alleged infringer could be the subscriber, a member of his or her family, an employee, a guest, a trespasser, a neighbor, a tenant, or a passerby. Therefore, the Plaintiff is merely speculating that the Doe is the individual who copied the films.

Since the Plaintiff has not met its burden to submit sufficient evidence of copyright infringement, no analysis is required regarding any harm to any party that may result if the motion to quash is granted or denied.

### III.  CONCLUSION

For the reasons set forth above, Doe 1 respectfully requests that this Honorable Court quash the July 13, 2012 Comcast Subpoena as the subpoena is procedurally defective as it issued from the U.S. District Court of New Jersey, yet demands for production of documents in Bloomfield Hills, Michigan and the Plaintiff has not made a prima facie showing of actual evidence on each element of its copyright infringement claim.

Furthermore, Doe 1 joins Doe 4 in its motion for relief filed at DE 5, such relief including, but not limited, to severance from this action for improper joinder.

Respectfully submitted,

Date: August 23, 2012  /s/Hattem Beydoun
EPIC Law PLLC
Hattem A. Beydoun (P66071)
PO BOX 32598
Detroit, Michigan 48232
Attorney for Defendant Doe No. 1
Tel: (888) 715-8033 Fax: (313) 254-4923
hbeydoun@epiclg.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2012, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF System which will send notification of such filing to all attorneys of record.

Dated: August 23, 2012             /s/Hattem Beydoun_____
                                   Hattem A. Beydoun (P66071)