UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,                              Case No. 12-12586

              Plaintiff,                   Patrick J. Duggan
v.                                              United States District Judge

JOHN DOES 1-13,                                 Michael Hluchaniuk
                                                United States Magistrate Judge

              Defendants.
_____/

## ORDER FOR SUPPLEMENTAL BRIEFING

Putative defendant John Doe # 4 and John Doe # 11 (hereinafter Doe # 4

and Doe #11) have filed motions to quash a subpoena issued to nonparty Comcast,

an internet service provider.  (Dk. 5, 10).  Among the arguments Does # 4 and # 11

make in support of the motion is the contention that plaintiff has not properly

pleaded a copyright infringement claim because plaintiff's complaint does not

demonstrate ownership of the copyright interests it seeks to protect and, therefore,

plaintiff lacks standing to pursue this claim.  (Dkt. 5, Pg ID 99-102; Dkt. 10, Pg ID

136-139).  Doe # 4 and # 11 invite the Court to issue a show cause order requiring

plaintiff to demonstrate it properly owns the copyright interests it is pursuing in

this litigation.  *Id*.  Plaintiff argues it has standing to pursue such a claim while

acknowledging there are some "errors" in the copyright registration process.  (Dkt.

15, Pg ID 179-81; Dkt. 20, Pg ID 242-244).  During oral argument on this motion

on September 28, 2012, counsel for plaintiff offered to demonstrate any errors in the copyright registration process had been or will be cured while acknowledging that a plaintiff prosecuting a copyright infringement claim must be the owner of the copyright.

While challenges to copyright ownership are normally made in a motion to dismiss or a motion for summary judgment rather than in a motion to quash, the undersigned deems it appropriate to give some closer attention to the ownership interest at this stage of the proceeding.  Plaintiff is directed to file a supplemental brief limited to the copyright ownership issue by October 19, 2012, and Does # 4 and 11 must file responses to the brief by October 26, 2012.  No reply brief will be permitted unless ordered by the Court.  Plaintiff is expected to address its ownership of the copyrights in question in greater specificity than is presently contained in the complaint and, may also address the propriety of considering questions of copyright ownership at this stage of the proceedings.

As a general proposition, the undersigned accepts that principle of law that an "innocent misstatement or clerical error in the application and certificate of registration, if unaccompanied by fraud, does not invalidate the copyright nor render the certificate of registration incapable of supporting an infringement action." *King Records, Inc. v. Bennett*, 438 F. Supp.2d 812, 838 (M.D. Tenn. 2006).  The remaining issues in the motions by Does # 4 and #11, as well as the

issues raised by Doe # 1 in his motion to quash (Dkt. 17) will be addressed, if

necessary, following further consideration of the copyright ownership issue.[1]

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but

are required to file any objections within 14 days of service as provided for in

Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  A party may not

assign as error any defect in this Order to which timely objection was not made.

Fed.R.Civ.P. 72(a).  Any objections are required to specify the part of the Order to

which the party objects and state the basis of the objection.  Pursuant to Local

Rule 72.1(d)(2), any objection must be served on this Magistrate.

Date: October 5, 2012               s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

---

[1] Doe # 4 has raised an issue relating to the record keeping requirements for adult content material under 18 C.F.R. 2257.  (Dkt. 5, Pg ID 102).  These requirements do not appear to relate to the ownership of a copyright and therefore there is no need for the parties to address this issue unless the failure to keep such records invalidates a copyright.

## **CERTIFICATE OF SERVICE**

I certify that on October 5, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Paul J. Nicoletti, Jeffrey P. Thennisch, and Hattem A. Beydoun</u>.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov