UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOES 1-13,

    Defendants.

Case No.: 2:12-cv-12586-PJD-MJH

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO THE
COURT'S ORDER FOR SUPPLEMENTAL BRIEFING**

1

I.      INTRODUCTION

On June 14, 2012 Plaintiff filed a complaint for copyright infringement against 13 John Doe Defendants for illegally distributing 15 of Plaintiff's movies ("Works") through the BitTorrent protocol.  Plaintiff attached to its complaint copies of its registrations for each movie from the United States Copyright Office.  On July 9, 2012 this Court granted Plaintiff leave to issue a subpoena to Defendants' Internet Service Providers so that Plaintiff may receive the Defendant's identities and proceed with its case.  Defendant John Doe 4, and 11 moved to quash Plaintiff's subpoena raising the issue that Plaintiff lacked standing for 14 of the 15 works on the basis that Malibu Media owns the registrations as a "work for hire" and did not exist at the time the Works were created.  John Doe 1 also filed a Motion to Quash and raised similar issues.  Notably, John Doe 1 incorrectly contended that all 15 of the works were published prior to Plaintiff's date of creation.  Plaintiff's movie *Just the Two of Us*, the fifth movie listed on Plaintiff's complaint, clearly indicates that it was first published on November 18, 2011.  Malibu Media, LLC was formed on February 8, 2011, several months before the date of first publication for this movie.

At a hearing regarding these issues on September 28, 2012, Plaintiff's counsel explained that Plaintiff was currently in the process of correcting the registrations with the United States Copyright Office and volunteered to submit documents in support.  On October 5, 2012 this Court ordered Plaintiff to provide a supplemental briefing addressing its ownership of the copyrights in question in greater specificity then presently contained in the complaint.  The Court stated Plaintiff may also address the propriety of considering questions of copyright ownership at this stage of the proceedings.  As set forth below, Plaintiff is the owner of the copyrights for the

2

movies set forth in the Complaint and respectfully requests the Court not quash the subpoena or dismiss the complaint.

## II. FACTS

Malibu Media, LLC owns www.x-art.com ("X-Art"), a website where subscribers can join and view movies created and directed by Brigham Field. Each of the 15 movies listed on the Complaint can be found on X-Art. Brigham Field co-owns Malibu Media, LLC with his wife Colette. Malibu Media, LLC was specifically created by Brigham and Colette as a limited liability corporation for X-art on February 8, 2011.

Brigham intended for Malibu Media, LLC to own the copyrights for the movies he created and sold via subscription through the X-art website. Because Brigham Field's current arrangement with the company renders each work as a work for hire, all of the copyrights were mistakenly registered in that fashion. Upon learning of the mistake in the copyright registrations, and realizing that he was the owner of the copyrights and not Malibu Media, Brigham Field, through an assignment agreement, transferred all ownership rights in the copyrights to his company. *See* Exhibit A. The transfer was recorded with the United States Copyright Office. *Id*. At the same time, counsel for Malibu Media, LLC filed form CAs with the Copyright Office correcting the registrations. There was a slight delay in filing the form CAs because each form requires a submission of the actual registration certificate. For some of the works, certificates had been misplaced and needed to be reissued, which can take 4 to 8 weeks. Upon receiving the registrations, on September 13, 2012, Malibu Media's counsel filed the corrections, explaining the error.

On October 16, 2012, counsel for Malibu Media, LLC followed up with the Copyright Office regarding the status of the registrations and confirmed receipt by the Office. The

3

Copyright Office stated that each form was currently in processing and takes between 4 to 8 weeks to be corrected. They informed Malibu Media to follow up again in a week to see if the corrections have been completed. Plaintiff anticipates the corrections will be completed within the next few weeks, at the latest.

### III. LEGAL ARGUMENT

#### A. Defendant's Arguments Are Not Properly Brought In A Motion to Quash

At this stage of the litigation process, Plaintiff is attempting to ascertain the identities of the individuals who have infringed its copyright. Because no Defendant has been named or served in the matter, defenses which go to the merits of Plaintiff's claims are premature. "[O]bjections such as these are essentially irrelevant and premature because they go to the merits of Plaintiff's claims and do not address the propriety *vel non* of the subpoenas." *W. Coast Productions, Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011); *see also Third Degree Films, Inc. v. Does 1-2010,* 4:11 MC 2, 2011 WL 4759283 (N.D. Ind. Oct. 6, 2011) (same). Similarly, the Southern District of California recently held that any alleged lack of standing is premature at this stage of the litigation and not a reason to quash the subpoena. *See Malibu Media v. John Does 1-25,* 3:12-cv-00362-LAB-POR (June 21, 2012 S.D. Cal). "Rule 45 does not provide authority to quash a subpoena on the grounds of a party's lack of standing. Further, [Defendant] has not cited to any case law that holds a plaintiff's lack of standing is a sufficient basis to quash a subpoena under Rule 45(c)(3). Accordingly, the Court declines to quash the subpoenas based on Plaintiff's alleged lack of standing in this case." *Id.* at *4.

#### B. There Is No Dispute To Ownership

"To be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right' under a copyright." *Niemi v. Am. Axle Mfg. & Holding*

4

*Inc.,* 05-74210, 2006 WL 3103864 (E.D. Mich. 2006). Plaintiff is the owner of copyrights through an assignment agreement with the original author. Additionally, Plaintiff has filed corrections to its registrations with the United States Copyright Office so that they demonstrate Plaintiff's ownership through assignment instead of as a work for hire. The Court should not deny Plaintiff the opportunity to bring its claim for copyright infringement based on this error, when the original author of the copyright owns Malibu Media with his wife. "[W]here there is no dispute between the copyright owner and the transferee about the status of the copyright, 'it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement.'" *Billy-Bob Teeth, Inv. v. Novelty, Inc.,* 329 F.3d 586, 592-593 (7th Cir. 2003).

In *Niemi v. Am. Axle Mfg. & Holding Inc.*, a defendant raised a similar issue when there was no evidence a son had standing to sue for a copyright registered in his father's name. *See Niemi v. Am. Axle Mfg. & Holding Inc.,* 05-74210, 2006 WL 3103864, *2 (E.D. Mich. 2006). This Court found that where there is a dispute in chain of title, a Defendant as a third party infringer was not able to dismiss the claims based on a lack of standing, even if the Plaintiff failed to produce a document evidencing transfer of copyright. Here, Plaintiff has attached the assignment agreement that shows the transfer of copyrights. *See* Exhibit B. Because there is no dispute between Brigham Field and Malibu Media, LLC as to the ownership of copyright, Defendants lack standing as alleged third party infringers to challenge the validity of the copyrights. *Id. See also Tacori Enterprises v. Rego Mfg.*, 1:05CV2241, 2008 WL 4426343 (N.D. Ohio 2008).

5

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendants' motion to quash and permit Plaintiff to proceed with its claim for copyright infringement.

Dated: October 19, 2012

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3). This document was prepared using Times New Roman (12 pt.).

Dated: October 19, 2012

By: /s/ *Paul J. Nicoletti*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Paul J. Nicoletti*