IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC

    Plaintiff

    v.

John Does 1 - 13,

    Defendants.

Civil Action No.: 12-cv-12586-PJD-MJH

Honorable Patrick J. Duggan
Magistrate Michael J. Hluchaniuk

---

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel.:248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI 48342
Tel: (248) 292-2920
Fax: (248) 292-2910

Attorney for Third Party Subpoena
Recipients a/k/a Doe No. 4 & 11

## SUPPLEMENTAL BRIEF OF THIRD PARTY SUBPOENA RECIPIENTS, DOE NO. 4 & DOE NO. 11 PURSUANT TO THE OCTOBER 5, 2012 ORDER FOR SUPPLEMENTAL BRIEFING AT D/E 28

In accordance with the Court's October 5, 2012 Order For Supplemental Briefing at D/E 28, Third Party Subpoena Recipient(s) and Putative Defendant(s), John Doe No. 4 and John Doe No. 11 (hereinafter "the Doe Parties"), by its attorneys, Dobrusin & Thennisch, PC, hereby submits this supplemental brief addressing the named Plaintiff's putative ownership of any valid/enforceable copyright interests in the specific copyright registrations asserted in this action.

As set forth in D/E 28, the Doe Parties have raised certain fundamental copyright standing, ownership, and validity issues that the named Plaintiff, Malibu Media, LLC, lacks Article III standing to assert the present copyright infringement claims under 17 U.S.C. §501 because Malibu Media, LLC, the California limited liability company, did not exist upon the putative creation date(s) of the asserted copyright registrations in this action. Indeed, even the named Plaintiff has conceded that the date(s) of creation set forth on the applicable copyright registration(s) themselves are clearly prior to the very legal existence of the named Plaintiff (i.e. Malibu Media, LLC). As such, it cannot be disputed that a "defect" exists in the copyright registrations at issue in this case since the named Plaintiff (i.e. Malibu Media, LLC) could not conceivably be the stated "employer for hire" of anyone before that entity was actually formed and came into existence by the laws of the State of California. Indeed, it is both a legal and factual impossibility for a non-existent legal entity to be the "employer" of anyone and Plaintiff does not even suggest that the named Plaintiff engaged in any "pre-formation" activities.

Rather, the named Plaintiff attempts to address this defect by relying upon certain new filings that have been submitted to the U.S. Copyright Office on September 13, 2012[1].

---

[1] The Plaintiff's September 2012 filings before the U.S. Copyright Office have yet to be formally accepted or recorded. Most notably, the putative assignment of rights from Brigham Field to Malibu Media, Inc. has not been formally recorded and none of the "Form CA" Supplementary Registration filings have actually been issued by the U.S. Copyright Office. The Court is asked

2

Specifically, in its October 19, 2012 brief, Plaintiff, Malibu Media, LLC has now submitted: (i) a series of "Assignment" documents from Brigham Field to Malibu Media, LLC at Exhibit A, filed with the U.S. Copyright Office on September 13, 2012, which purports to assign and transfer the same copyrights at issue in this action to Malibu Media, LLC, and (ii) a number of new Form CA filings. However, as set forth herein, the Court's attention is directed to the fact that none of the September 13, 2012 purported assignment(s) from Mr. Field to Malibu Media, LLC at Exhibit A include any "right to sue for past infringement(s)" of the copyright claims which were filed in this action on June 14, 2012 at D/E 1. In other words, not only did the named Plaintiff (i.e. Malibu media, LLC) lack standing to assert these claims when this action was filed on June 14, 2012, the "after-the-fact" attempt to correct this defect through the assignments at Exhibit A – on their face – show that no required "right to sue for past infringements" is set forth in the assignment documents themselves. This is a standing defect which cannot be cured. The later creation of these "after-the fact" assignment documents at Exhibit A – even if valid – demonstrates that the named Plaintiff (Malibu Media, LLC) lacked standing on June 14, 2012.

Additionally, the Form CA filings attached by the Plaintiffs to their supplemental brief have not been approved by the U.S. Copyright Office and cannot be approved since the attempted "correction" is explicitly disallowed by 37 C.F.R. 201.5(a)(iii) at Exhibit B – which is the express regulation governing such filings. Most notably, each of the Form CA at Exhibit B hereto explicitly reflect a transfer of rights in the respective works. Based upon the express wording of 37 C.F.R. 201.5(a)(iii), "Supplementary registration is not appropriate" in such circumstances. See Title 37 of the Code of Federal Regulation at Exhibit C.

---

to take judicial notice that all of these filings were made <u>after</u> these issues were raised in the pending motion(s) by the Doe Parties.

3

I. **STANDING DEFECT IN THE "NEW" ASSIGNMENT(S) AT EXHIBIT A**

The inquiry into a litigant's standing to bring suit involves an examination of both constitutional and prudential restrictions. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). It has been stated that the standing requirements exist in tandem with "the immutable requirements of Article III," *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999), as an integral part of "judicial self-government," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The goal of this self-governance is to determine whether the plaintiff "is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Bender v. Williamsport Area School District,* 475 U.S. 534, 546 n.8 (1986). Indeed, the United States Supreme Court has consistently stated that standing is "the threshold question in every federal case." Warth v. Seldin, 422 U.S. 490, 498 (1975).

A. **The September 13, 2012 Assignment Documents From Brigham Field Did NOT Assign Any Rights To "Sue For Past Infringements To Malibu Media, LLC**

In furtherance of the arguments already provided by the Doe Parties that the named Plaintiff, Malibu Media, LLC, lacks standing and justiciability to bring this action in the first instance, the "new" September 13, 2012 assignment(s) at Exhibit A likewise fails to salvage or "recreate" fundamental stranding, which simply never existed when Malibu Media, LLC filed this action on June 14, 2012. See D/E 1. "In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue. Standing has both constitutional and prudential dimensions. The constitutional requirements for standing emanate from Article III, § 2, of the U.S. Constitution, which grants federal courts jurisdiction over 'cases' and controversies.'" *Zurich Insurance Company v. Logitrans, Incorporated*, 297 F.3d 528, 531 (6th Cir. 2002) citing *Kardules v. City of Columbus,* 95 F.3d 1335, 1346 (6th Cir. 1996).

The Doe Parties emphasize that Article III standing is a jurisdictional requirement that cannot be waived and may be brought up at any time in the proceeding. *Zurich* at 531; *United States v. Blanco*, 844 F. 2d 344, 349, n.4 (6th Cir. 1988); Fed. R. Civ. P. 12(h)(3). The named Plaintiff cannot claim an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992).

### B. The Plaintiff's Own September 13, 2012 Assignment Documents Simply Does Not Include Any Transfer Of "Rights To Sue For Past Infringements"

With respect to "copyright infringement" standing, the Copyright Act provides that only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement…" 17 U.S.C. § 501(b). *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005). In short, it could be said that standing is one of the most fundamental elements of Article III justiciability. Perhaps more simply stated, the named Plaintiff, Malibu Media, LLC, filed this case on June 14, 2012 bringing multiple copyright infringement counts against at least thirteen (13) different parties without ever disclosing the fact that non-party individual, Brigham Field, who we are now told is/was the "real" owner of the asserted rights – who simply assigned such rights to Malibu Media, LLC. This is what the Plaintiff's own September 13, 2012 documents at Exhibit A clearly state. However, Exhibit A does not include any attempt by Mr. Field to assign or transfer the right to bring such copyright infringement actions to Malibu Media, LLC. In short, the named Plaintiff does not function as the legal or beneficial owners of those rights – relating to the ability to bring the present claims which Malibu Media, LLC – not Brigham Field – filed before this Court. Most notably, "the right to sue for past infringement can be transferred to another party so long as it is expressly included in the assignment along with an exclusive right. *Righthaven LLC v. Hoehn*, 792 F.Supp.2d 1138 (D.Nev.2011) citing *Silvers,* 402 F.3d at 889-90.

5

This position is also completely consistent with the required elements that any proper copyright infringement plaintiff must prove: (1) ownership of the copyright; and (2) copying by the defendant. 17 U.S.C. § 501(b). *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

Worse yet, Plaintiff's actions have apparently already resulted in the "settlement" of claims against other Doe Parties in the absence of basic Article III justiciability. 17 U.S.C. 501(b) provides the statutory basis to bring a claim for copyright infringement and only the "legal or beneficial owner of an exclusive right under a copyright" has standing to sue for copyright infringement. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (*en banc*); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) ("Under copyright law, only copyright owners and exclusive licensees of copyright may enforce a copyright or a license."). The right to sue for an accrued claim of copyright infringement is not an exclusive right under the copyright act. *Silvers*, 402 F.3d at 884. However, here the Plaintiff's own assignment documents at Exhibit A do not even grant that "right" from Mr. Field.

The Doe Parties directly rely upon copyright case precedent stating that "the right to sue for past infringement can be transferred to another party **so long as it is expressly included in the assignment** along with an exclusive right. *Righthaven LLC v. Hoehn*, 792 F.Supp.2d 1138 (D.Nev.2011) citing *Silvers*, 402 F.3d at 889-90. No such "right" is assigned at Exhibit A.

In *Silvers*, a screenwriter wrote the script for a movie titled "The Other Woman." 402 F.3d at 883. Because the script was a work-for-hire, the employer, not the screenwriter, owned the copyright to the "The Other Woman." *Id.* Later, a motion picture company released a movie titled "Stepmom." *Id.* The employer assigned to the screenwriter the right to sue the motion picture company with respect to "The Other Woman" and "Stepmom." *Id.* The screenwriter

6

then initiated a lawsuit against the motion picture company for copyright infringement alleging that "Stepmom" was substantially similar to "The Other Woman." The Ninth Circuit then explicitly held that "[t]he bare assignment of an accrued cause of action" is insufficient by itself to confer standing upon a plaintiff. *Id.* at 890. Thus, the Ninth Circuit concluded that the screenwriter was not entitled to "institute and may not maintain" its copyright infringement lawsuit against the motion picture company. *Id.* In short, *Silvers*, and more recently *Righthaven*, unequivocal set forth who (and who may not) bring or maintain a cause of action for copyright infringement under 17 U.S.C. 501 as follows: "the right to sue for past infringement can be transferred to another party **so long as it is expressly included in the assignment** along with an exclusive right. Nothing in the September 13, 2012 assignment document(s) at Exhibit A even tangentially attempt to transfer this "right to sue for past infringements" from Mr. Field to Malibu Media, LLC – ever. Once again, this case was filed by Malibu Media, LLC on June 14, 2012 and standing must exist "at all phases of an action." In order for fundamental standing and Article III justiciability to exist before a federal district court, the actual owner or exclusive licensee – having the right to sue (i.e. Mr. Field) **must** be present in the action as a party-plaintiff. This has simply not been done in this action and the September 13, 2012 assignment documents at Exhibit A demonstrate these precise defects.

### C. 37 C.F.R. 201.5(b)(iii)(A) Precludes The Plaintiff's "Supplementary Registrations"

Additionally, and significantly, the Doe Parties further state that the various filings for "Supplementary Registration" attached to the Plaintiff's October 19, 2012 supplemental brief are in violation of the applicable federal regulation which dictates and governs the "supplementary registration" process. 37 C.F.R. 201.5 at Exhibit B. Namely, as clearly shown in each of Plaintiff's exhibits, the Plaintiff is attempting to save itself by voluntarily stating that there was a

7

change in ownership (i.e. from Mr. Field to Malibu Malibu, LLC) or at least reflects a "transfer of rights in a work" from Mr. Field to Malibu Media, LLC. However, 37 C.F.R. 201.5(b)(iii)(A) expressly states that "Supplementary registration is not appropriate ….. "to reflect a change in ownership that occurred on or after the effective date of the registration or to reflect the division, allocation, licensing or transfer of rights in a work."

The attention of this Court is respectfully directed to the Plaintiff's own language in Section D of every single Form CA filing provided by the Plaintiff and attached hereto in highlighted form at Exhibit B as follows:

> This particular work was created by Brigham Field and was transferred through an assignment of copyright[2] to Malibu Media, LLC after the company was formed and was not originally created as a work for hire.
>
> Brigham Field's current arrangement[3] with Malibu Media, LLC is that the movies he creates are a work for hire and owned by Malibu Media, LLC. The agreement is in writing. When he instructed his agent to register this Work, he mistakenly told his agent to register this work as a work for hire Authored by Malibu Media, LLC.

To the extent that the Doe Parties understand the Plaintiff's "new" position, it appears to be asking an Article III court to salvage a federal civil action by completely ignoring the express language of Title 37, Section 201.5 of the Code of Federal Regulation and utilizing the Form CA filings at Exhibit B to achieve a feat that Section 201.5(b)(iii)(A) states "is not appropriate". The Does Parties ask this Court to politely decline such an invitation.

---

[2] 37 C.F.R. 201.7 states that "Supplementary registration is not appropriate" … "to reflect the division, allocation, licensing or transfer of rights in a work", yet this is precisely what all of Plaintiff's Form CA filings at Exhibit B attempt to do.

[3] Even if such a "current arrangement" exists, the plain language of the applicable federal regulation, 37 C.F.R. 201.5(b)(iii)(A), clearly states that such a division or allocation is simply not the function of a proper Form CA filing.

Lastly, the Doe Parties intend to file a separate motion to dismiss the present action for lack of standing with the Court and will ask that Judge Duggan consider referring that motion to the Magistrate Judge as well based upon his past involvement with these same issues.

                Respectfully submitted,

                Attorneys for Attorney for Doe Parties

DATED this 26th day of October, 2012

By: _/s/Jeffrey P. Thennisch _____
Jeffrey Thennisch (P51499)
jeff@patentco.com
Dobrusin Thennisch PC
29 West Lawrence Street, Suite 210
Pontiac, MI 48009
(248) 292-2920

9

## CERTIFICATE OF SERVICE

I, hereby certify that on October 26, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the E-file and Serve which will send notification of such filing to all counsel of record.

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch, Attorney for Third Party
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910