**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MALIBU MEDIA, LLC,** | |
| a California limited liability company, | Civil Action No. 2:12-cv-12586 |
| Plaintiff, | |
| vs. | Patrick J. Duggan |
| | United States District Judge |
| **JOHN DOES 1-13**, | |
| | Michael Hluchaniuk |
| Defendants. | United States Magistrate Judge |

| | |
|---|---|
| Nicoletti & Associates, PLLC | EPIC Law PLLC |
| Paul J. Nicoletti, Esq. (P44419) | Hattem A. Beydoun (P66071) |
| 36880 Woodward Ave, Suite 100 | PO BOX 32598 |
| Bloomfield Hills, MI 48304 | Detroit, Michigan 48232 |
| Tel: (248) 203-7800 Fax: (248) 203-7801 | Tel: (888) 715-8033 Fax: (313) 254-4923 |
| Email: paul@nicoletti-associates.com | Email: hbeydoun@epiclg.com |
| Attorney for Plaintiff | Attorney for Defendant John Doe Number One |

**DEFENDANT JOHN DOE ONE'S MOTION FOR AN ORDER TO SHOW CAUSE**
**PLAINTIFF MALIBU MEDIA, LLC &**
**SUBPOENAED PARTY COMCAST CORPORATION**

Defendant John Doe One ("Doe 1") moves for an order to show cause why Plaintiff Malibu Media, LLC's ("Plaintiff") Complaint should not be dismissed with prejudice[1] and Doe 1 awarded his attorney fees and costs based on Plaintiff's failure to disclose to Doe 1 and the Court that subpoenaed party Comcast produced documents in response to the Comcast Subpoena

---

[1] Plaintiff filed a Notice of Voluntary Dismissal (DE29) on October 12, 2012 dismissing Doe without prejudice from this Action. If it is determined, that Plaintiff did not comply with LR 7.1 and 37.1 regarding the Comcast document responses, then Doe 1 requests, *inter alia,* pursuant to Fed. R. Civ. P. 41(b) that the voluntary dismissal be with prejudice. Ultimately, Plaintiff's compliance with the Local Rules will rest upon how "recent" Plaintiff received the production responses from Comcast.

1

(Exhibit. 1) despite Doe's pending Motion to Quash and the Court's compliance requirements with Local Rules 7.1 and 37.1.

Doe 1 also moves to show cause subpoenaed party Comcast to explain why it produced responses to the Subpoena while Motions to Quash the Subpoena were pending in violation of the July 9, 2012 Discovery Order (DE3) and the Cable TV Privacy Act 47 USC § 551. Doe 1 seeks his attorney fees, costs and statuary damages as provided by the Act if it is determined that Comcast did not act within the confines of the Discovery Order.

Pursuant to E.D. Mich. L.R. 7.1, Defendant's attorney attempted to contact Plaintiff's counsel for purposes of explaining the nature of the motion and its legal basis for the relief sought as well as the surrounding factual circumstances of any productions made by Comcast. Plaintiff did not respond. Defendant's attorney contacted Comcast, but was unable to obtain concurrence for the relief sought herein.

Date: October 26, 2012 /s/Hattem Beydoun
EPIC Law PLLC
Hattem A. Beydoun (P66071)
PO BOX 32598
Detroit, Michigan 48232
Attorney for Defendant John Doe No. 1
Tel: (888) 715-8033 Fax: (313) 254-4923
hbeydoun@epiclg.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MALIBU MEDIA, LLC,**
       a California limited liability company,       Civil Action No. 2:12-cv-12586
           Plaintiff,
   vs.                                               Patrick J. Duggan
                                                      United States District Judge

**JOHN DOES 1-13**,
                                                       Michael Hluchaniuk
           Defendants.                 United States Magistrate Judge

| Nicoletti & Associates, PLLC<br>Paul J. Nicoletti, Esq. (P44419)<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800 Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br>Attorney for Plaintiff | EPIC Law PLLC<br>Hattem A. Beydoun (P66071)<br>PO BOX 32598<br>Detroit, Michigan 48232<br>Tel: (888) 715-8033 Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br>Attorney for Defendant John Doe Number One |
|---|---|

**BRIEF IN SUPPORT OF:**
**DEFENDANT JOHN DOE ONE'S MOTION FOR AN ORDER TO SHOW CAUSE**
**PLAINTIFF MALIBU MEDIA, LLC &**
**SUBPOENAED PARTY COMCAST**

I.     **STATEMENT OF FACTS**

On June 14, 2012, Plaintiff filed this action against 13 unidentified "John Does" for alleged copyright infringement of 15 adult films through the Bit Torrent filing sharing protocol. After filing this action, Plaintiff sought leave to serve third party subpoenas to internet service providers for purposes of determining the legal names and addresses of the defendant John Does. The Court granted Plaintiff's discovery motion with certain limitations, in particular, internet service provider Comcast was to provide the Does with notice of any subpoena within five (5) business days of service. (July 9, 2012 Order at DE3). Furthermore, the Court provided John Doe Defendants and Comcast the option to move to quash the subpoena before the return date of the subpoena. *Id.*

On July 13, 2012, Plaintiff executed a subpoena (Exhibit 1) to Comcast commanding Comcast to produce documents identifying the account subscribers of the various IP addresses associated with each Defendant by a return date of August 28, 2012. On August 3, 2012, Doe 4 filed the first motion to quash the Comcast Subpoena. From August 21 to August 23, 2012, Doe 1 sought concurrence from Plaintiff regarding also quashing the Subpoena; unable to reach a resolution, Doe 1 filed his motion to quash (DE17) on August 23, 2012 and faxed a copy of the motion to Comcast on August 25, 2012. On August 30, 2012, this Court issued a Scheduling Order (DE19) regarding Doe 1's motion requiring the parties to comply with Local Rules 7.1 and 37.1. Subsequently, the parties filed a joint statement of unresolved issues on September 21, 2012 (DE25). The Court held a hearing on Doe 1's Motion to Quash on September 28, 2012 taking the matter under advisement. On October 12, 2012, before a ruling on the motions to quash, Plaintiff voluntarily dismissed Doe 1 from this action because Plaintiff "recently" received the names and identifying information of many of the Defendants in this case" from

4

Comcast.[2]  Doe 1 became aware of Comcast's document responses when Plaintiff filed its notice of voluntary dismissal.

## II.   ARGUMENT

Doe 1 became aware that Comcast had provided responses to the Subpoena when Plaintiff filed a notice of voluntary dismissal (DE33) of Doe 1 stating that Comcast had responded to the Subpoena.  Plaintiff filed its notice of dismissal after the parties fully briefed Doe 1's motion to quash and the Court held oral argument on the motions to quash.  Doe 1 is unsure the exact date Comcast made the document responses or when Plaintiff received them.  Regardless of the timing, Comcast should not have produced documents while motions to quash were pending.  Furthermore, Plaintiff had an obligation under Local Rules 7.1 and 37.1 to disclose receipt of the responsive documents to Doe 1.  Specifically, if Plaintiff received these documents prior to Doe 1 seeking concurrence to quash the Subpoena, or the date set by this Court to submitted the statement of unresolved issues, or the hearing date on the motions to quash, then Plaintiff had a duty to inform Doe 1 and the Court of the production.

To the best of his ability, Doe 1 has investigated the surrounding circumstances of Comcast's unjustified discovery document responses and Plaintiff's failure to inform Doe 1 and the Court of these document responses.  Specifically, what did Comcast disclose and when did Comcast make these document responses to Plaintiff?  Though requested, Comcast did not provide Doe 1 with any documentation regarding its document responses nor did Plaintiff provide any insight, or

---

[2] In a futile attempt to reinstate Doe 1 as a Defendant, on October 24, 2012, Plaintiff filed a "Notice of Scrivener's Error" (DE33) regarding Doe 1's dismissal from this action.  A voluntary dismissal is effective upon filing by the Plaintiff without Court Order (Fed. R. Civ. P. 41(a)(1)(A); therefore, Plaintiff cannot simple reinstate Doe 1 by filing any subsequent Notice.

response, regarding the matter. Therefore, Doe 1 is left with no option but to file this motion to show cause requiring Comcast justify its document responses and Plaintiff to explain why it did not inform Doe 1 and the Court of the same as required by Local Rules 7.1 and 37.1. If Comcast or Plaintiff cannot justify their respective actions/inactions, then Doe 1 requests that Plaintiff's previous dismissal of Doe 1 be with prejudice, the Court award Doe 1 his attorney fees and costs and any other remedy as allowed by law.

### III. CONCLUSION

Doe 1 requests that Comcast justify why and under what circumstances it provided responses to the Subpoena while there were pending motions to quash the Subpoena or otherwise be ordered to pay Doe 1's attorney fees, costs, and any damages allowed by the Cable Privacy Act. Furthermore, Doe 1 requests that Plaintiff explain why it did not notify Doe 1 and the Court the Comcast document responses or otherwise have this Court alter the voluntary dismissal into a involuntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(b), and award Doe 1 his attorney fees and costs.

Respectfully submitted,

Date: October 26, 2012  /s/Hattem Beydoun\_\_
EPIC Law PLLC
Hattem A. Beydoun (P66071)
PO BOX 32598
Detroit, Michigan 48232
Attorney for Defendant Doe No. 1
Tel: (888) 715-8033 Fax: (313) 254-4923
hbeydoun@epiclg.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2012, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF System which will send notification of such filing to:

Paul J. Nicoletti, Esq. (P44419)

      I also mailed by USPS return receipt receivable postage prepaid the forgoing Paper(s) to:

Comcast Cablevison
RA: The Corporation Company
30600 Telegraph Road Ste 2345
Bingham Farms, MI  48025

      I also mailed by USPS first class mail postage prepaid and faxed the forgoing Paper(s) to:

Monica Mosley, Esq
Comcast Cable Hq's
One Comcast Center
Philadelphia, PA  19103
Fax: 866-947-5587

Dated: October 26, 2012                                 /s/Hattem Beydoun
                                                                   Hattem A. Beydoun (P66071)