IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

MALIBU MEDIA, LLC

     Plaintiff

     v.

John Does 1 - 13,

     Defendants.

Civil Action No.: 12-CV-12586-PJD-MJH

Honorable Patrick J. Duggan
Magistrate Michael J. Hluchaniuk

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel.:248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI  48342
Tel:  (248) 292-2920
Fax:  (248) 292-2910

Attorney for Third Party Subpoena Recipients
a/k/a Doe No. 4 & 11

## MOTION TO DISMISS FOR LACK OF STANDING PURSUANT TO FED. R. CIV.P. 12 (b)(1) and FED.R.CIV.P.12 (b)(6) OR, ALTERNATIVELY, TO DISMISS OR STAY THE ACTION UNDER THE DOCTRINE OF PRIMARY JURISDICTION

Defendants, John Doe #4 and John Doe #11, by and through their attorneys, Dobrusin & Thennisch PC (hereinafter "the Doe Defendants"), respectfully request the Court to dismiss the present action for lack of standing or, in the alternative, to stay the present proceeding under the doctrine of primary jurisdiction pending the disposition of fifteen (15) copyright registration cancellation requests being filed concurrently with this action before the U.S. Copyright Office under 37 C.F.R. 201.7.  See Exhibit A attached hereto.

1

The Doe Defendants, by their counsel, have submitted these filings with the U.S. Copyright Office to cancel each of the fifteen (15) copyright registrations (hereinafter referred to as "the Works") at issue in this litigation pursuant to 37 C.F.R. 201.7, for failure to comply with the applicable procedures, regulations, and basic registration requirements of the U.S. Copyright Act.  The alternate request for relief under the doctrine of primary jurisdiction is predicated upon the precise holding and reasoning set forth by the U.S. Court of Appeals for the Ninth Circuit on April 8, 2002.  See Syntek Semiconductor Co. v. Microchip Technology Inc., 62 USPQ2d 1375 (9th.Cir.2002).

In accordance with local rule E.D. Mich. LR 7.1, the brief in support of this motion begins on a new page.  Further, the undersigned counsel contacted Plaintiff's counsel in writing on November 2, 2012, which specifically addressed the nature of this motion and sought concurrence (and communication) for the requested relief to avoid the burden and expense of preparing this pleading.  No response was received.

As set forth in more detail in the Doe Defendants' accompanying Brief, the named Plaintiff in this action, Malibu Media LLC, lacks fundamental Article III standing to bring the June 14, 2012 Complaint at Docket Entry #1, for Copyright Infringement – under 17 U.S.C. §501 - of "the Works" based on the now existing documentation dated September 13, 2012 that the named Plaintiff was not the rightful owner of "the Works" at the time this action was filed on June 14, 2012.  Article III standing must exist at all phases of an action.

WHEREFORE, the Doe Defendants respectfully request this Court to dismiss the named Plaintiff's June 14, 2012 Complaint in its entirety due to a lack of standing to assert these copyright claims, or in the alternative, to stay the present action under the doctrine of primary jurisdiction pending the disposition of the cancellation filings under 37 C.F.R. 201.7.

CERTIFICATE OF SERVICE

I, hereby certify that on November 12, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the E-file and Serve which will send notification of such filing to all counsel of record.

/s/Jeffrey P. Thennisch _____
Jeffrey P. Thennisch, Attorney for Doe Defendants
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910

# TABLE OF CONTENTS

**Pages**

**STATEMENT OF ISSUES PRESENTED**……………………………………………iii

**FACTUAL BACKGROUND**……………………………………………………………1

**LEGAL ARGUMENT**……………………………………………………………...2

    **I.   The Named Plaintiff, Malibu Media LLC, Lacks Standing To Bring This Action …2**

        **a.  Defect In The Subsequent September 13, 2012 Assignment At Exhibit D…...5**

            **i.   The September 13, 2012 Assignment Documents From Brigham Field Did NOT Assign Any Rights To "Sue For Past Infringements" To Malibu Media, LLC**……………………………………………………..5

            **ii.   The Plaintiff's Own September 13, 2012 Assignment Document Simply Does Not Include Any Transfer Of "Rights To Sue For Past Infringements"** ……………………………………………………..6

    **II.  Application Of The Doctrine Of Primary Jurisdiction At This Stage Is Warranted Since Cancellation Of The Asserted Copyright Registrations At Issue Would Clarify Issues Before The Court, Promote Judicial Economy, And Provide Uniformity In The Application Of Copyright Office Regulations**……………...9

        **Factor 1**……………………………………………………………….12

        **Factor 2**……………………………………………………………….13

        **Factor 3** ...…………………………………………………….....…..14

        **Factor 4**……………………………………………………………....15

    **III. The Present Action Should Be Dismissed Without Prejudice Pending Disposition Of The Cancellation Filings By The U.S. Copyright Office Or, In The Alternative,**

**Stayed Until Such Time As The Copyright Office Acts Under C.F.R. 201.7………………………………………………………………………………15**

## STATEMENT OF ISSUES PRESENTED

Pursuant to E.D.Mich.L.R. 7.1(c)(2), the present Motion to Dismiss addresses the following issues:

1.  Did The Named Plaintiff, Malibu Media LLC, have standing at the time this action was commenced on June 14, 2012?

    a.  Did The Subsequent September 13, 2012 Assignment Document Serve To Assign Any Past Rights To Sue?

2.  Is the Application of The Doctrine of Primary Jurisdiction Warranted In This Case While The Cancellation Filings Are Pending Before The U.S. Copyright Office?

## FACTUAL BACKGROUND

On June 14, 2012, Malibu Media LLC ("Plaintiff"), filed the present action alleging statutory Copyright Infringement claims of "the Works" (attached at Exhibit B). The Plaintiff, by filing this action, stated that they are in fact the "owner" of "the Works" at the time this action was filed. Indeed, since this Plaintiff filed a federal statutory cause of action, it is noteworthy that the Copyright Act provides that only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement…" 17 U.S.C. § 501(b). The Doe Defendants subsequently filed Motion(s) to Quash this Plaintiff's third party subpoena to ascertain their specific identities on a number of grounds, including that the named Plaintiff lacked standing to bring this present action. This motion remains pending before the Court after the submission of supplemental briefing by all parties.

In the interim, and in response to the standing issue raised by the Doe Defendants, the named Plaintiff, realizing the "defect" in the specific Copyright Registrations asserted in this action on June 14, 2012, filed Supplemental Registration Forms CA for "the Works" on September 13, 2012 (see Exhibit C) all based upon a subsequent assignment which now alleges that "the Works" were, in fact, created by a current non-party individual named Brigham Field and transferred through an assignment of copyright to Malibu Media, LLC after the company was formed. Essentially, the named Plaintiff's response to the standing issue raised by the Doe Defendants was to create and file an "after-the-fact" assignment document before the U.S. Copyright Office in the hopes of **re**creating standing. However, standing must exist when this action was commenced. Here, the September 13, 2012 document and assignment (see Exhibit

D) from Brigham Field to Malibu Media LLC assigns the rights, title and interest in "the works" but does not specifically include **any** right(s) to sue for past infringements.  This is now fatal.

Based upon the named Plaintiff's own September 13, 2012 documents and filings before the U.S. Copyright Office, coupled with the fact that absolutely no attempt has been made to "join" or add the individual, Brigham Field, as a party under the Federal Rules of Civil Procedure, the undersigned filed concurrent cancellation requests for each of "the Works" with the U.S. Copyright Office based upon the obvious "defects" in the cited Registrations and the subsequent amendments such that:  (1) the named owner/author did not exist at the time of creation and (2) under 37 C.F.R. §201.5, Form CA is not a valid mechanism to reflect a change in ownership from Brigham Field to Malibu Media, LLC even if one, in fact, has transpired[1].

## LEGAL ARGUMENT

## I.        The Named Plaintiff, Malibu Media LLC, Lacks Standing To Bring This Action

To possess required standing to pursue a claim for copyright infringement, a plaintiff must show the "ownership of a valid copyright." *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).  Under the Copyright Act of 1976, copyright ownership   "vests initially in the author or authors of the work." 17 U.S.C. § 201(a), *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).  Further, under 17 U.S.C. § 102, "the author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Reid*, 490 U.S. at 737.  But an employer qualifies as an author if the work was prepared as a "work made for hire." 17 U.S.C. § 201(b).  Here, Malibu Media, LLC originally claimed that the Works were

---

[1] 37 C.F.R. 201.7 exists in the Code of Federal Regulation for the administrative "cancellation" of issued copyright registrations before the U.S. Copyright Office.

2

"made for hire" <u>for it</u> even though Malibu Media, LLC did not exist on the putative "creation

date(s)" set forth by the Plaintiff itself in the original copyright filings attached to the complaint.

When a claimant has not acquired rights to a work he or she is registering, the copyright

statute requires that the copyright application include "a brief statement of how the claimant

obtained ownership of the copyright." 17 U.S.C. § 409(5). "Willfully failing to state a fact, (or

willfully misstating a fact), which may have caused the copyright office to reject the application

is grounds for invalidating the registration." M. Nimmer & D. Nimmer, *Nimmer on Copyright,* §

7.20 at 7–202. "A registration thus obtained is not only invalid, but is "'incapable of supporting

an infringement action.'" *Whimsicality, Inc. v. Rubie's Costume Co., Inc.,* 891 F.2d 452, 456 (2d

Cir.1989).

The named Plaintiff, Malibu Media, LLC, asserted the copyright registrations set forth in

the June 14, 2012 complaint (Exhibit B), list Malibu Media, LLC as the "employer for hire" of

all of the allegedly infringed copyrighted works. 14 out of 15 of the copyrighted works were

created and published either in 2009 or 2010.  However, this Plaintiff itself does not dispute that

Malibu Media, LLC was not even formed with the State of California until February 8, 2011.

Thus, it is a factual and legal impossibility for a non-existing entity to be the employer of anyone

until the entity is legally created.  In this case, Malibu Media, LLC did not exist until February 8,

2011.  Clearly, for purposes of Article II standing, the named Plaintiff, Malibu Media, LLC,

cannot possibly qualify as an "employer for hire" for works which were created months or years

before Malibu Media, LLC itself even came into existence.  It is noteworthy that at least the

Seventh Circuit has previously been faced with this same metaphysical, and somewhat

Orwellian, issue involving the application of the standard Julian calendar.  See *Billy-Bob Teeth,*

*Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003).  The Seventh Circuit held that Billy-Bob,

Inc. could not claim retroactively claim that its copyrighted work was a work made for hire because, as here, the relevant Billy-Bob, Inc. corporate entity did not actually exist when the work was supposedly authored and created. *Id.* While the court ultimately held that the error in the copyright registration was not fatal since Billy-Bob, Inc. was found to be an alter-ego of the actual authors of the work in question, the Seventh Circuit noted that mistakes on the registration "bar infringement actions [when] the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Id.* In addition, 17 U.S.C.A. § 506(e) provides that "[a]ny person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500."

Based upon the documents presented by the Plaintiff, most notably their own cited registrations to the June 14, 2012 complaint at Exhibit B attached hereto, coupled with the "new and improved" September 13, 2012 assignment theory of ownership, now establishes that the named Plaintiff's complaint contains major defects regarding any valid ownership chain of the allegedly infringed copyrighted works. Indeed, standing for the June 14, 2012 complaint – for at least the named Plaintiff - is now legally and factually impossible. More simply stated, if the named Plaintiff did not exist as an ascertained or legal entity at the time the alleged copyright works were created (i.e. when the pornographic content was filmed as dated by this Plaintiff itself), the resulting copyright registrations are invalid and/or fraudulent on their face since Malibu Media, LLC simply could not have been the "employer for hire" of any of the performing cast or crew of such productions. This is true regardless of the medium (i.e. Microsoft could not be the "employer for hire" of a software copyright or computer program

4

created before the existence of Microsoft Corporation). Most importantly for this motion, even

the "after-the-fact" assignment does not convey any right to sue for past infringement(s).

> **a.   Defect In The Subsequent September 13, 2012 Assignment At Exhibit D**

It is well-settled that the inquiry into a litigant's standing to bring suit involves an

examination of both constitutional and prudential restrictions. *Warth v. Seldin*, 422 U.S. 490,

498 (1975). It has been stated that the standing requirements exist in tandem with "the

immutable requirements of Article III," *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999), as

an integral part of "judicial self-government," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-

61 (1992). The goal of this self-governance is to determine whether the plaintiff "is a proper

party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers*."*

*Bender v. Williamsport Area School District,* 475 U.S. 534, 546  n.8 (1986). Indeed, the United

States Supreme Court has consistently stated that standing is "the threshold question in every

federal case." Warth v. Seldin, 422 U.S. 490, 498 (1975).

> **i.   The September 13, 2012 Assignment Documents From Brigham Field Did NOT
> Assign Any Rights To "Sue For Past Infringements To Malibu Media, LLC**

In furtherance of the arguments already provided by the Doe Defendants that the named

Plaintiff, Malibu Media, LLC, lacks standing and fundamental Article III justiciability to bring

this action in the first instance, the "new" September 13, 2012 assignment(s) at Exhibit D

likewise fails to salvage or "recreate" fundamental stranding, which simply never existed when

Malibu Media, LLC filed this action on June 14, 2012. See D/E 1. "In order for a federal court

to exercise jurisdiction over a matter, the party seeking relief must have standing to sue.

Standing has both constitutional and prudential dimensions. The constitutional requirements for

standing emanate from Article III, § 2, of the U.S. Constitution, which grants federal courts

jurisdiction over 'cases' and controversies.'" *Zurich Insurance Company v. Logitrans,*

*Incorporated*, 297 F.3d 528, 531 (6th Cir. 2002) citing *Kardules v. City of Columbus,* 95 F.3d 1335, 1346 (6th Cir. 1996).

Clearly, the Doe Defendants emphasize that Article III standing is a jurisdictional requirement that cannot be waived and may be brought up at any time in the proceeding. *Zurich* at 531; *United States v. Blanco,* 844 F. 2d 344, 349, n.4 (6th Cir. 1988); Fed. R. Civ. P. 12(h)(3). The named Plaintiff, Malibu Media, LLC, cannot claim an "injury in fact" since their own putative assignment document dated September 13, 2012 does not – in any way shape, or form – does not convey any right to bring any action for past infringements. Once again, this action was filed on June 14, 2012. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992).   In this instance, the named Plaintiff, Malibu Media LLC, cannot be the rightful Plaintiff based upon their own submissions to this Court.  Namely, Malibu Media, LLC itself has conceded that their own supposed date(s) of creation of the Works in 2010 clearly predates their very existence (i.e. when Malibu Media, LLC  was formed in the State of California in 2011) according to the California Secretary of State Records at Exhibit E.  Respectfully, this LLC could not be an "employer for hire" at the time of creation in 2010.  Therefore, it cannot be disputed that a "defect" clearly exists in the copyright registrations filed with this Court on June 14, 2012.

### ii.  The Plaintiff's Own September 13, 2012 Assignment Document Simply Does Not Include Any Transfer Of "Rights To Sue For Past Infringements"

With respect to the statutorily required standing to bring a claim for copyright infringement, the Copyright Act clearly provides that only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled … to institute an action for any infringement…"  17 U.S.C. § 501(b).  *See Silvers v.Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005).  In short, it could be said that standing is one of the most fundamental elements of Article III justiciability.  Perhaps more simply stated, the named Plaintiff, Malibu Media, LLC, filed this

case on June 14, 2012 bringing multiple copyright infringement counts against at least thirteen

(13) different parties without ever disclosing the fact that the non-party individual, Brigham

Field, who we are now told is/was the "real" owner of the asserted rights – "may" have simply

assigned such rights to Malibu Media, LLC.  This is what the Plaintiff's own September 13,

2012 documents at Exhibit D clearly state.  However, Exhibit D does not include any attempt by

Mr. Field to assign or transfer the right to bring such copyright infringement actions from

himself, the individual, to Malibu Media, LLC or any other entity.  In short, the named Plaintiff

does not function as the legal or beneficial owner of any of the asserted rights and simply lacks

the legal ability to bring the present claims which Malibu Media, LLC – not Brigham Field –

filed before this Court on June 14, 2012.  Most notably, "the right to sue for past infringement

can be transferred to another party so long as it is expressly included in the assignment along

with an exclusive right.  *Righthaven LLC v. Hoehn*, 792 F.Supp.2d 1138 (D.Nev.2011) citing

*Silvers,* 402 F.3d at 889-90.  Nothing the Plaintiff has presented includes such a right.

This position is also completely consistent with the required elements that any proper

copyright infringement plaintiff must prove: (1) ownership of the copyright; and (2) copying by

the defendant. 17 U.S.C. § 501(b).  *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir.

2004) citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991).  On this point,

the Court's attention is explicitly directed to the fact that the named Plaintiff has "only" asserted

a statutory claim under Section 501 – for which it does not have standing to assert.  Worse yet,

despite the standing issue, the named Plaintiff's actions have apparently already resulted in the

"settlement" of claims against other Doe Parties in the absence of this basic Article III

justiciability.  17 U.S.C. 501(b) provides the statutory basis to bring a claim for copyright

infringement and only the "legal or beneficial owner of an exclusive right under a copyright" has

7

standing to sue for copyright infringement. *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (*en banc*); *see also Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) ("Under copyright law, only copyright owners and exclusive licensees of copyright may enforce a copyright or a license."). The right to sue for an accrued claim of copyright infringement is not an exclusive right under the copyright act. *Silvers*, 402 F.3d at 884. However, here the named Plaintiff's own assignment documents at Exhibit D do not even grant that "right" from Mr. Field to Malibu Media, LLC and no attempt has been made to add or join Mr. Field as a named party in this proceeding.

The Doe Defendants directly rely upon copyright case precedent stating that "the right to sue for past infringement can be transferred to another party <u>so long as it is expressly included in the assignment</u> along with an exclusive right. *Righthaven LLC v. Hoehn*, 792 F.Supp.2d 1138 (D.Nev.2011) citing *Silvers,* 402 F.3d at 889-90. No such "right" is assigned to the named Plaintiff at Exhibit D. In *Silvers*, a screenwriter wrote the script for a movie titled "The Other Woman." 402 F.3d at 883. Because the script was a work-for-hire, the employer, not the screenwriter, owned the copyright to the "The Other Woman." *Id.* Later, a motion picture company released a movie titled "Stepmom." *Id.* The employer assigned to the screenwriter the right to sue the motion picture company with respect to "The Other Woman" and "Stepmom." *Id.* The screenwriter then initiated a lawsuit against the motion picture company for copyright infringement alleging that "Stepmom" was substantially similar to "The Other Woman." The Ninth Circuit explicitly held that "[t]he bare assignment of an accrued cause of action" is insufficient by itself to confer standing upon a plaintiff. *Id.* at 890. Thus, the Ninth Circuit concluded that the screenwriter was not entitled to "institute and may not maintain" a copyright infringement lawsuit against the motion picture company. *Id.* In short, *Silvers*, and more

8

recently *Righthaven*, unequivocal set forth who (and who may not) bring or maintain a cause of action for copyright infringement under 17 U.S.C. 501 as follows:  "the right to sue for past infringement can be transferred to another party <u>so long as it is expressly included in the assignment</u> along with an exclusive right.  Nothing in the September 13, 2012 assignment document(s) at Exhibit D even tangentially attempt(s) to transfer any "right to sue for past infringements" from Mr. Field to the named Plaintiff, Malibu Media, LLC – ever.  Once again, this case was filed by Malibu Media, LLC on June 14, 2012 and standing must exist "at all phases of an action."  In order for fundamental standing and Article III justiciability to exist before a federal district court, the actual owner or exclusive licensee – having the right to sue (i.e. Mr. Field) <u>must</u> be present – and engaed - in the action as a party-plaintiff.  This has simply not been done in this action and is not a part of the putative September 13, 2012 "assignment."

**II.  Application Of The Doctrine Of Primary Jurisdiction At This Stage Is Warranted Since Cancellation Of The Asserted Copyright Registrations At Issue Would Clarify Issues Before The Court, Promote Judicial Economy, And Provide Uniformity In The Application Of Copyright Office Regulations**

Similar to the holding set forth by the U.S. Court of Appeals for the Ninth Circuit in <u>Syntek</u>, the Doe Defendants  respectfully submit that a dismissal for lack of standing, or at least a stay of the present proceedings, is warranted under the doctrine of primary jurisdiction until such time as the U.S. Copyright Office acts upon the pending filings for cancellation of each of the fifteen (15) copyright registrations in the present action – particularly since the registrations at issue are each "defective".  In this regard, by their undersigned counsel, the Doe Defendants have filed requests to cancel the copyright registrations issued to Malibu Media LLC , pursuant to Section 201.7 of Title 37 of the Code of Federal Regulation (37 C.F.R. 201.7).  It is axiomatic that the named Plaintiff could not have owned the copyright registrations at issue in this litigation at the time this litigation commenced.  Rather, Mr. Field is clearly the putative

copyright claimant and the named Plaintiff is, at best, Mr. Field's purported later "assignee" (see

Exhibits C and D) who simply lacks standing to bring this action as of June 14, 2012.

Thus, the Court is requested to either dismiss or stay the present action until such time as

the U.S. Copyright Office acts upon the pending filings to cancel Mr. Field's copyright

registrations pursuant to the applicable federal regulation (i.e. 37 C.F.R. 201.7).  Since Mr. Fields

(a non-party) would presumably NOT be bound by a judgment in this action and the currently

named Plaintiff, could theoretically file suit against the Doe Defendants again in a separate

action before any other Article III Court, there is a substantial risk of prejudice.

"Under the doctrine of primary jurisdiction, the issues presented by this case are properly

considered first by the Register of Copyrights.  Primary jurisdiction is not a doctrine that

implicates the subject matter jurisdiction of the federal courts.  Rather, it is a prudential doctrine

under which courts may, under appropriate circumstances, determine that the initial decision

making responsibility should be performed by the relevant agency rather than the courts.  As was

recently noted, '[p]rimary jurisdiction is properly invoked when a claim is cognizable in federal

court but requires resolution of an issue of first impression, or of a particularly complicated issue

that Congress has committed to a regulatory agency.' Brown v. MCI WorldCom Network Servs.,

Inc., 277 F.3d 1166, 1172 (9th Cir. 2002)".  Syntek, 62 U.S.P.Q.2D at 1377.

Even more importantly, "the doctrine of primary jurisdiction is committed to the sound

discretion of the court when 'protection of the integrity of a regulatory scheme dictates

preliminary resort to the agency, which administers the scheme.' General Dynamics Corp., 828

F.2d 1356, 1362 (9th Cir. 1987) (quoting United States v. Philadelphia Nat'l Bank, 374 U.S. 321,

353 (1963).  Syntek at 1378.  Under these circumstances it is the U.S. Copyright Office "which

administers the scheme" of Title 37 of the Code of Federal Regulation.  Id.  Since the owner of

the copyright registrations at issue (i.e. Mr. Field) - if this Court believes the after-the-fact
September 13, 2012 assignment - is not a party to the present proceeding, it is respectfully
submitted that the Court should exercise its discretion and invoke the doctrine of primary
jurisdiction until the U.S. Copyright Office acts upon the already pending cancellation filings
since such action would promote judicial economy by clarifying whether the copyright
registrations asserted by the only named Plaintiff is/are proper since "protection of the integrity
of a regulatory scheme dictates preliminary resort to the agency which administers the scheme."
General Dynamics 828 F.2d 1356, 1362 (9th Cir. 1987) (quoting United States v. Philadelphia
Nat'l Bank, 374 U.S. 321, 353 (1963).

        In Syntek, the Ninth Circuit held that a dismissal without prejudice of the federal district
court litigation in favor of referral to the U.S. Copyright Office on the issue of copyright
cancellation was desirable and appropriate.  In fact, the Ninth Circuit actually raised the question
of primary jurisdiction sua sponte.  Namely, the Syntek court reasoned that "this case requires
the resolution of an issue within the jurisdiction of an administrative body exercising statutory
and comprehensive regulatory authority over a national activity that requires expertise and
uniformity in administration.  Under these circumstances, the application of the primary
jurisdiction doctrine is appropriate, and the matter is referred to the Register of Copyrights."
Syntek, 62 U.S.P.Q.2d at 1378-79.

        In reaching this conclusion, the Syntek court carefully applied a four-factor test in the
precise context of copyright cancellation proceedings before the U.S. Copyright Office under 37
C.F.R. 201.7.  "[C]ourts in considering the issue have traditionally employed such factors as (1)
the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an
administrative body having regulatory authority (3) pursuant to a statute that subjects an industry

11

or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration. <u>General Dynamics Corp.</u>, 828 F.2d at 1362. When these factors are considered in the present context, the desirability of applying the doctrine of primary jurisdiction is apparent." <u>Syntek</u>, 62 U.S.P.Q.2d at 1378.

Applying the <u>Syntek</u> factors to the Plaintiffs' complaint, the Doe Defendants reiterate that the putative "owner" of the alleged copyright registrations (Mr. Field) is not a party before the Court thereby heightening the need for referral of the present matter to the Registrar of Copyrights for the reasons set forth below.

**Factor 1**

"Congressional intent to have national uniformity in copyright laws is clear."  <u>Id</u> citing <u>Sears, Roebuck & Co. v. Stiffel Co.</u>, 376 U.S. 225, 231 fn.7 (1964).  See also 17 U.S.C. 301. Indeed, the very foundations of copyright protection as a legal mechanism is predicated upon the patent and copyright clause of the United States Constitution.  The Constitutional and Congressional mandate for uniform application of copyright principles is embodied in the regulations, procedures, and publications implemented and administered by the U.S. Copyright Office in Washington, DC.  Here, the named Plaintiff (i.e. Malibu Media, LLC) in the present action is NOT the actual party which has the Article III ability to avail itself to 17 U.S.C. 501. Rather, based upon the Plaintiff's own documents at Exhibits C & D, a non-party, Brigham Field, is/was the putative copyright claimant and owner of the asserted Works at the time this action commenced on June 14, 2012.  As previously stated, it is a factual impossibility that Malibu Media LLC, could be the author of the Works based upon the Plaintiff's own asserted dates at Exhibit B, since Malibu Media, LLC did not even come into existence until 2011 (see Exhibit E) and Exhibit B tells us that "the Works" were created in 2010.

Even construing all facts in a light most favorable to the named Plaintiff, Mr. Field – at best - merely assigned whatever rights he may or may not have had on September 13, 2012 to the named Plaintiff, without expressly assigning the right to sue for past infringements, and this action clearly commenced on June 14, 2012 clearly before the assignment in question. Nevertheless, standing is a fundamental requirement of Article III justiciability which either exists – or not.  Plaintiff's new Exhibit D does not "correct" the standing defect, particularly where no attempt has been made to add or join Mr. Field as the "real party in interest."

Accordingly, a fundamental threshold issue to determine is whether the "Mr. Field" copyright registrations should be cancelled for failure to comply with the regulations and procedures of the U.S. Copyright Office, before the present action involving the named Plaintiff (as Field's alleged assignees) should be allowed to continue.  It is respectfully submitted that referral of these issues to the Copyright Office is warranted so that the Field registrations (which were not owned or controlled by the named Plaintiff at the time this action commenced) can be evaluated under the proper standards of Title 37 of the Code of Federal Regulation.

**Factor 2**

Since the U.S. Copyright Office is undeniably the administrative body vested with regulatory authority by Congress, "this case requires the resolution of an issue within the jurisdiction of an administrative body exercising statutory and comprehensive regulatory authority over a national activity that requires expertise and uniformity in administration."  .Id.

As set forth in the attached Cancellation Requests Under 37 CFR 201.7 at Exhibits A, cancellation of the fifteen (15) "Mr. Field" registrations "involves a complicated issue that Congress has committed to the Register of Copyrights".  Id.  Although the named Plaintiff's counsel will undoubtedly characterize the cancellation requests as unwarranted, it should be

13

noted that cancellation is fully justified under multiple provisions of Title 37 of the Code of Federal Regulation, Copyright Office Circulars, and the very instructions that the U.S. Copyright Office prints and provides to copyright applicants with its application forms.

**Factor 3**

Similar to the issues which the Ninth Circuit raised sua sponte in *Syntek*, the present motion seeks to challenge "the validity of the registration, not the copyright".  Id at 1378. However, the copyright registrations at issue in the present litigation are owned by a non-party (i.e. Mr. Field) who is not before the Court.  Accordingly, in an effort to prevent, or at least alleviate, the risk of substantial prejudice to the Doe Defendants, the present motion seeks to invoke the doctrine of primary jurisdiction to refer the registrations to the Copyright Office for determination whether the non-party Field's copyright registrations are enforceable against any party at the time this action commenced.  In its decision to refer the copyright cancellation matters to the U.S. Copyright Office, the Ninth Circuit reasoned that "resolution of the question at hand requires an analysis of whether the agency acted in conformance with its own regulations when it granted the registration.  Accordingly, referral to the agency for consideration of these issues in the first instance is particularly appropriate."  Id.

The Doe Defendants have clearly sought referral for consideration and determination as to whether the U.S. Copyright Office "acted in conformance with its own regulations" when it issued Mr. Field's alleged registrations.  See Exhibits B & C.  In view of the fact that multiple litigation proceedings involving these same copyright registrations have been filed before this Court, it would also be "particularly appropriate" to first determine whether the registrations are even valid as a means to protect the multiple defendants, many of whom have been sued individually, as well as promote judicial economy and clarify these issues before the Court.

14

**Factor 4**

Finally, the fourth factor pertaining to the "expertise and uniformity in administration" was also explicitly addressed by the Ninth Circuit in the direct context of 37 C.F.R. 201.7, the precise regulation relied upon in the cancellation filings shown at Exhibit A.  Once again, copyright cancellation is mandated by the applicable federal regulations.  As was concluded by the *Syntek* court, "there is an administrative process, albeit ill-defined, in the Copyright Office. Referral under the doctrine of primary jurisdiction, is therefore appropriate for the Register of Copyrights to determine what extent administrative cancellation remedies are available to third parties who seek registration cancellation."  Id.

On this point, the Doe Defendants in this action are similar "third parties" vis-à-vis Brigham Field and now seek cancellation of Mr. Field's copyright registrations as a means to defend the action commenced against them by Mr. Field's supposed assignee – the named Plaintiff in this action.  If the filings seeking copyright cancellation under 37 C.F.R. 201.7 are indeed granted by the U.S. Copyright Office, vital issues in both the present action and the other actions filed by this named Plaintif (none of whom are Mr. Field) will be resolved without placing any additional undue burden upon either the Court or the multiple defendants.

**III.  The Present Action Should Be Dismissed Without Prejudice Pending Disposition Of The Cancellation Filings By The U.S. Copyright Office Or, In The Alternative, Stayed Until Such Time As The Copyright Office Acts Under C.F.R. 201.7**

Once application of the doctrine of primary jurisdiction has been decided, "[r]eferral of the issue to the administrative agency does not deprive the court of jurisdiction; it has the discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss the case without prejudice."  Syntek at 1379 quoting Reiter v. Cooper, 507 U.S. 258, 268-69 (1993).  In view of the fact that the named Plaintiff in the present action, Malibu Media,

LLC, is clearly NOT the owner of any of the cited copyright registration(s) in this action, the named Plaintiff would not be disadvantaged by a dismissal of the present action similar to the decision in <u>Syntek</u>.  In contrast, both the Doe Defendants as well as the Court would remain at a substantial disadvantage if the doctrine of primary jurisdiction was not relied upon at this time since there is no effective remedy for cancellation of Mr. Field's putative registrations before the Court.  A dismissal with or without prejudice or, at least, a stay of the proceedings pending disposition of the cancellation requests now before the U.S. Copyright Office is therefore requested.

Respectfully submitted,

Attorneys for Attorney for the Doe Defendants, John Doe #4 and John Doe #11


DATED this 12th day of November, 2012          By:  _/s/Jeffrey P. Thennisch___

                                                      Jeffrey Thennisch (P51499)
                                                      jeff@patentco.com
                                                      Dobrusin Thennisch PC
                                                      29 West Lawrence Street, Suite 210
                                                      Pontiac, MI 48009
                                                      (248) 292-2920

CERTIFICATE OF SERVICE

I, hereby certify that on November 12th, I electronically filed the foregoing paper(s) with

the Clerk of the Court using the E-file and Serve which will send notification of such filing to all

counsel of record.

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch, Attorney for Third Party
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910

17