# EXHIBIT A

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC      )
                 )
Registration:  PA 1-762-019 (Supplementary Registration Pending) )
                 )
Registration Date:  November 20, 2011 (FORM CA Filed September 13, 2012) )
                 )
Title Of Work:  Tiffany Teenagers In Love (Motion Picture)  )
_____)

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-019 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-019 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-019  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-019 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-019 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 20, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-019 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-019 basic registration dated November 20, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2.     After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-019, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-019 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-019 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added].  Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information.  Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1].  Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 20, 2011.  The Application sought to register a motion picture entitled:  Tiffany Teenagers In Love.  The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 20, 2011, the Office issued PA 1-762-019 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Tiffany Teenagers In Love" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-019 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-019 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-019 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-019 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-019, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-762-019 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-019 issued on November 20, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-019 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-019 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                          )
                                                                               )
Registration:  PA 1-762-073 (Supplementary Registration Pending)               )
                                                                               )
Registration Date:  November 19, 2011 (FORM CA Filed September 13, 2012)        )
                                                                               )
Title Of Work:  Kat Translucence (Motion Picture)                    )
_____ )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-073 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-073 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-073  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-073 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-073 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 19, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-073 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-073 basic registration dated November 19, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.   First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.   Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).   Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-073, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).   Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.   More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-073 on September 13, 2012, which is believed to be pending.   See Exhibit B.   However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-073 at Exhibit B is an invalid attempt to:   (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.   In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".   37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.   Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.   It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 19, 2011. The Application sought to register a motion picture entitled: Kat Translucence. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 19, 2011, the Office issued PA 1-762-073 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Kat Translucence" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-073 attached at Exhibit A and the  business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration.  If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance.  However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-073 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-073 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable ...". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-073 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-073, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-762-073 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-073 issued on November 19, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-073 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-073 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                                )
                                                                                       )
Registration:  PA 1-762-074 (Supplementary Registration Pending)                       )
                                                                                       )
Registration Date:  November 21, 2011 (FORM CA Filed September 13, 2012)               )
                                                                                       )
Title Of Work:  Katka Cum Like Crazy (Motion Picture)                                  )
_____                 )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

### REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-074 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-074 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-074  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-074 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-074 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 21, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-074 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-074 basic registration dated November 21, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-074, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-074 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-074 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 21, 2011. The Application sought to register a motion picture entitled: Katka Cum Like Crazy. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 21, 2011, the Office issued PA 1-762-074 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Katka Cum Like Crazy" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-074 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-074 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-074 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable ...". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-074 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

7

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-074, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-762-074 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-074 issued on November 21, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-074 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-074 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

| | |
|---|---|
| In re Registration of Malibu Media LLC | ) |
| | ) |
| Registration:  PA 1-762-075 (Supplementary Registration Pending) | ) |
| | ) |
| Registration Date:  November 18, 2011 (FORM CA Filed September 13, 2012) | ) |
| | ) |
| Title Of Work:  Katka Sweet Surprise (Motion Picture) | ) |
| | ) |

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-075 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-075 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-075  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-075 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-075 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 18, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-075 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-075 basic registration dated November 18, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-075, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-075 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-075 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 18, 2011. The Application sought to register a motion picture entitled: Katka Sweet Surprise. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 18, 2011, the Office issued PA 1-762-075 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Katka Sweet Surprise" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-075 attached at Exhibit A and the  business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-075 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-075 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable ...". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-075 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-075, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-075 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-075 issued on November 18, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-075 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-075 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                          )
                                                                               )
Registration:  PA 1-762-076 (Supplementary Registration Pending)               )
                                                                               )
Registration Date:  November 18, 2011 (FORM CA Filed September 13, 2012)        )
                                                                               )
Title Of Work:  Kristen Girl Next Door (Motion Picture)                        )
_____            )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-076 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-076 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5. Specifically, cancellation for the basic registration PA 1-762-076  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-076 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration. See the basic registration PA 1-762-076 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 18, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-076 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.     In the original PA 1-762-076 basic registration dated November 18, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan. First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC. Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C). Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-076, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B). Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8. More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-076 on September 13, 2012, which is believed to be pending. See Exhibit B. However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-076 at Exhibit B is an invalid attempt to: (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work. In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership". 37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action. Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed. It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 18, 2011. The Application sought to register a motion picture entitled: Kristen Girl Next Door. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 18, 2011, the Office issued PA 1-762-076 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Kristen Girl Next Door" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-076 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration...". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-076 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-076 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable ...". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines 16-21.). Since the author and claimant of PA 1-762-076 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-076, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-076 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-076 issued on November 18, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-076 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-076 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC )
)
Registration: PA 1-762-077 (Supplementary Registration Pending) )
)
Registration Date: November 18, 2011 (FORM CA Filed September 13, 2012) )
)
Title Of Work: Megan Morning Bath (Motion Picture) )
_____ )

Registrar of Copyrights
Library of Congress
Washington, DC 20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-077 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-077 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5. Specifically, cancellation for the basic registration PA 1-762-077  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-077 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration. See the basic registration PA 1-762-077 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 18, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-077 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.     In the original PA 1-762-077 basic registration dated November 18, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.    In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.   First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-077, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-077 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-077 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.   In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 18, 2011. The Application sought to register a motion picture entitled: Megan Morning Bath. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 18, 2011, the Office issued PA 1-762-077 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Megan Morning Bath" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-077 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-077 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-077 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-077 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-077, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-077 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-077 issued on November 18, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-077 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-077 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                    )
                                                                          )
Registration:  PA 1-762-078 (Supplementary Registration Pending)         )
                                                                          )
Registration Date:  November 21, 2011 (FORM CA Filed September 13, 2012)  )
                                                                          )
Title Of Work:  Mina's Fantasy (Motion Picture)                )
_____  )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-078 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-078 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-078  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-078 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-078 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 21, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-078 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.  In the original PA 1-762-078 basic registration dated November 21, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.  In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.       After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-078, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-078 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-078 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 21, 2011. The Application sought to register a motion picture entitled: Mina's Fantasy. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 21, 2011, the Office issued PA 1-762-078 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Mina's Fantasy" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-078 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-078 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-078 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-078 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-078, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-762-078 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-078 issued on November 21, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-078 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-078 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                          )
                                                                               )
Registration:  PA 1-762-079 (Supplementary Registration Pending)               )
                                                                               )
Registration Date:  November 21, 2011 (FORM CA Filed September 13, 2012)        )
                                                                               )
Title Of Work:  Carlie Beautiful Blowjob (Motion Picture)                       )
                                                                               )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

### REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-079 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-079 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-079  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-079 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-079 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 21, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-079 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.     In the original PA 1-762-079 basic registration dated November 21, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-079, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-079 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-079 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 21, 2011. The Application sought to register a motion picture entitled: Carlie Beautiful Blowjob. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 21, 2011, the Office issued PA 1-762-079 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Carlie Beautiful Blowjob" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-079 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-079 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-079 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-079 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-079, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-079 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-079 issued on November 21, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-079 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-079 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                    )
                                                                         )
Registration: PA 1-762-081 (Supplementary Registration Pending)          )
                                                                         )
Registration Date: November 18, 2011 (FORM CA Filed September 13, 2012)   )
                                                                         )
Title Of Work: Carlie Leila Strawberries and Wine (Motion Picture)       )
_____          )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

### REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-081 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-081 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5. Specifically, cancellation for the basic registration PA 1-762-081  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-081 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration. See the basic registration PA 1-762-081 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 18, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-081 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-081 basic registration dated November 18, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2.     After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-081, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-081 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-081 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 18, 2011. The Application sought to register a motion picture entitled: Carlie Leila Strawberries and Wine. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 18, 2011, the Office issued PA 1-762-081 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Carlie Leila Strawberries and Wine" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-081 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration...". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-081 in order to maintain standing to continue the Michigan litigation.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work

6

could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-762-081 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.)    The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-081 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law.    In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37

---

[3] The assignment document submitted to the Office in September 2012 is undated.

C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-081, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-081 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-081 issued on November 18, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-081 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-081 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012
/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342

8

(248) 292-2920

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                         )
                                                                               )
Registration:  PA 1-762-082 (Supplementary Registration Pending)               )
                                                                               )
Registration Date:  November 18, 2011 (FORM CA Filed September 13, 2012)        )
                                                                               )
Title Of Work:          Tori The Endless Orgasm (Motion Picture)               )
_____)

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-082 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-082 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-082  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-082 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-082 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 18, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-082 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-082 basic registration dated November 18, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.     After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.   First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-082, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.   More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-082 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-762-082 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.   In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 18, 2011. The Application sought to register a motion picture entitled: Tori The Endless Orgasm. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 18, 2011, the Office issued PA 1-762-082 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Tori The Endless Orgasm" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-082 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-082 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D). It now becomes necessary to expunge and definitively cancel the PA 1-762-082 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-082 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-082, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-762-082 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-082 issued on November 18, 2011 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-082 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

#### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-082 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                                    )
                                                                                          )
Registration:  PA 1-762-083 (Supplementary Registration Pending)                          )
                                                                                          )
Registration Date:  November 21, 2011 (FORM CA Filed September 13, 2012)                   )
                                                                                          )
Title Of Work:  Leila Sex On The Beach (Motion Picture)                                    )
_____              )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-762-083 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-762-083 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-762-083  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-762-083  (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-762-083 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on November 21, 2011 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-762-083 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-762-083 basic registration dated November 21, 2011, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-762-083, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-762-083 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for 1-762-083 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on November 21, 2011. The Application sought to register a motion picture entitled: Leila Sex On The Beach. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On November 21, 2011, the Office issued PA 1-762-083 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Leila Sex On The Beach" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-762-083   attached at Exhibit A and the  business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-762-083  in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D).   It now becomes necessary to expunge and definitively cancel the PA 1-762-083  basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35).   Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …".  37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.)     The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-762-083 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law.     In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information.  The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-762-083 , through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-762-083 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-762-083 issued on November 21, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-762-083  is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-762-083 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

| | |
|---|---|
| In re Registration of Malibu Media LLC | ) |
| | ) |
| Registration:  PA 1-783-549 (Supplementary Registration Pending) | ) |
| | ) |
| Registration Date:  March 30, 2012 (FORM CA Filed September 13, 2012)   ) | |
| | ) |
| Title Of Work: The Girl In My Shower (Motion Picture) | ) |

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

### REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-783-549 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-783-549 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-783-549 is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-783-549 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-783-549 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on March 30, 2012 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration.  On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-783-549 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-783-549 basic registration dated February, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011.  The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar.  In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity.  Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-783-549, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-783-549 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for 1-783-549 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on March 30, 2012. The Application sought to register a motion picture entitled: The Girl In My Shower. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On March 30, 2012, the Office issued PA 1-783-549 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "The Girl In My Shower" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-783-549 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-783-549 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA.  This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire.  Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D). It now becomes necessary to expunge and definitively cancel the PA 1-783-549 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-783-549 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-783-549, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-783-549 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-783-549 issued on March 30, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-783-549 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-783-549 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                                        )
                                                                                              )
Registration:  PA 1-776-804 (Supplementary Registration Pending)                              )
                                                                                              )
Registration Date:  February 21, 2012 (FORM CA Filed September 13, 2012)                       )
                                                                                              )
Title Of Work:  Leila Faye Awesome Threesome (Motion Picture)                                  )
_____)

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-776-804 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-776-804 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-776-804  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-776-804  (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-776-804 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on February 21, 2012 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-776-804 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.     In the original PA 1-776-804 basic registration dated February 21, 2012, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.       After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.   First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.   Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).   Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-776-804, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).   Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.   More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-776-804 on September 13, 2012, which is believed to be pending.   See Exhibit B.   However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for 1-776-804 at Exhibit B is an invalid attempt to:   (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.   In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".   37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.   Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.   It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on February 21, 2012. The Application sought to register a motion picture entitled: Leila Faye Awesome Threesome. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On February 21, 2012, the Office issued PA 1-776-804 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Leila Faye Awesome Threesome" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-776-804 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-776-804 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

**Cancellation Is Warranted Under 37 C.F.R. 201.7**

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D). It now becomes necessary to expunge and definitively cancel the PA 1-776-804 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-776-804 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-776-804 , through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-776-804 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-776-804 issued on February 21, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-776-804  is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-776-804 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                   )

Registration:  PA 1-776-809 (Supplementary Registration Pending)   )

Registration Date:  February 21, 2012 (FORM CA Filed September 13, 2012)   )

Title Of Work: Jennifer Naughty Angel (Motion Picture)       )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-776-809 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-776-809 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5. Specifically, cancellation for the basic registration PA 1-776-809  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-776-809  (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-776-809 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on February 21, 2012 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-776-809 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-776-809 basic registration dated February 21, 2012, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-776-809, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-776-809 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for 1-776-809 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made….Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on February 21, 2012. The Application sought to register a motion picture entitled: Jennifer Naughty Angel. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On February 21, 2012, the Office issued PA 1-776-809 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Jennifer Naughty Angel" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-776-809  attached at Exhibit A and the  business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application.  See Exhibit B.  The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2].  Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…".  37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration.  If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance.  However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-776-809  in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D). It now becomes necessary to expunge and definitively cancel the PA 1-776-809 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-776-809 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-776-809 , through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-776-809 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-776-809 issued on February 21, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-776-809  is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-776-809 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

8

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                    )
                                                                         )
Registration:  PA 1-776-838 (Supplementary Registration Pending)         )
                                                                         )
Registration Date:  February 21, 2012 (FORM CA Filed September 13, 2012) )
                                                                         )
Title Of Work:  Daddy's Office (Motion Picture)                          )
_____ )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

## REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-776-838 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-776-838 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5. Specifically, cancellation for the basic registration PA 1-776-838  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-776-838 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration. See the basic registration PA 1-776-838 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on February 21, 2012 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-776-838 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.     In the original PA 1-776-838 basic registration dated February, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011. The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar. In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity. Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.   First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.   Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).   Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-776-838, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).   Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.   More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-776-838 on September 13, 2012, which is believed to be pending. See Exhibit B.   However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-776-838 at Exhibit B is an invalid attempt to:   (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.   In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".   37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.   Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.   It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

3

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

## STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on February 21, 2012. The Application sought to register a motion picture entitled: Daddy's Office. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On February 21, 2012, the Office issued PA 1-776-838 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Daddy's Office" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-776-838 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration...". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-776-838 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit D). It now becomes necessary to expunge and definitively cancel the PA 1-776-838 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable …". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-776-838 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-776-838, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed.  Accordingly, both the PA 1-776-838 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled.  See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

## ISSUE REQUESTED FOR REVIEW

Whether PA 1-776-838 issued on February 21, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-776-838 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

## RELIEF REQUESTED

### CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-776-838 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920

LIBRARY OF CONGRESS
IN THE UNITED STATES COPYRIGHT OFFICE

In re Registration of Malibu Media LLC                                    )
                                                                          )
Registration:  PA 1-776-839 (Supplementary Registration Pending)         )
                                                                          )
Registration Date:  February 21, 2012 (FORM CA Filed September 13, 2012)  )
                                                                          )
Title Of Work:  Carlie Big Toy Orgasm (Motion Picture)                    )
_____ )

Registrar of Copyrights
Library of Congress
Washington, DC  20559-6000

### REQUEST FOR CANCELLATION OF COPYRIGHT REGISTRATION PA 1-776-839 & SUPPLEMENTARY REGISTRATION (Pending) UNDER 37 C.F.R. 201.7

The Requesting Party, Jeffrey P. Thennisch, hereby requests and seeks cancellation of Copyright Registration PA 1-776-839 (hereinafter "the Work"), and the attempted Supplementary Registration of the Work pending as a FORM CA filing on September 13, 2012, for the reason that "the registration is invalid under the applicable law and regulations" pursuant to 37 C.F.R. 201.7(a) and the pending Form CA filing is invalid under 37 C.F.R. 201.5.  Specifically, cancellation for the basic registration PA 1-776-839  is requested pursuant to 37 C.F.R. 201.7(b)(2) since "registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and the Copyright Office regulations, and the Office is unable to get the defect corrected . . ."

The Requesting Party is counsel of record for certain unnamed Doe Defendants in a lawsuit filed by the alleged author/owner of registration PA 1-776-839 (i.e. Malibu Media, LLC) before the United States District Court Eastern District Of Michigan (Case No. 12-12586) alleging copyright infringement of the above-identified Copyright Registration.  See the basic registration PA 1-776-839 attached as Exhibit A hereto and its Supplementary Registration (pending) attached hereto as Exhibit B, as well as a putative "assignment" of such rights at Exhibit C hereto.

In accordance with the provisions of 37 C.F.R. 201.7, the Requesting Party seeks cancellation of both the basic and supplementary/pending registrations for substantive invalidity since the record reveals that the factual circumstances relied on at the time of the basic registration on February 21, 2012 under 37 C.F.R. 201.5 were not accurate, and the "supplementary registration" filed on September 13, 2012, now impermissibly seeks to correct this substantive defect in the original registration. On the basis of the facts as they actually exist, and documented herein, registration is not authorized or allowable. See, *Library of Congress*, 50 FR 40833, October 7, 1985, pg. 2, lines 16-23.

As more fully set forth herein, Registration PA 1-776-839 and its purported Supplementary Registration (pending) are invalid and require cancellation under 37 C.F.R. 201.7 for the following reasons:

1.      In the original PA 1-776-839 basic registration dated February 21, 2012, Malibu Media, LLC claims to be the registrant and cites the year of completion for the work as 2010 and the author - as well as the copyright claimant to be - Malibu Media LLC.   In response, the Requesting Party respectfully submits that it is a factual, legal, and metaphysical impossibility for Malibu Media, LLC to have existed as the "employer for hire" of any human being when the Work is alleged to have been created in 2010 since, according to the records of the State of California shown at Exhibit D, Malibu Media LLC, did not even exist as an ascertained or legal entity until February 8, 2011.  The basic registration is a demonstrable canard and the Requesting Party asks the Copyright Office to also apply 17 U.S.C. §506(e) on these facts where Malibu Media, LLC has filed multiple copyright infringement proceedings throughout the United States against viewers of this "adult" content, as John Doe Defendants, to extract settlements based upon issued copyright registrations which defy cognitive comprehension of the Julian calendar.  In short, and with great respect, the Library of Congress is being used and pandered as a tool to effectuate the business plan of a pornographer since the issued copyright registration is blessed with the statutory presumption of validity.  Again, with great respect, Article I, Section 8, Clause 8 of the U.S. Constitution deserves better than this.

2

2.      After the civil defendants in the Michigan litigation uncovered this material error in the ownership and chronological history, the named Copyright Claimant (i.e. Malibu Media, LLC) responded by taking the following action in both the U.S. Copyright Office and at least the U.S. District Court for the Eastern District of Michigan.  First, the Plaintiff in the Michigan litigation, Malibu Media, LLC, executed an assignment, which assigned numerous copyrights, including the present Work, from Brigham Field to Malibu Media, LLC.  Malibu Media, LLC claimed that this error was an oversight and therefore wanted to correct it with this suspect assignment, which coincidentally is undated (See Exhibit C).  Malibu Media, LLC also proceeded to file a series of Form CA filings, including one for Registration PA 1-776-839, based upon the undated assignment at Exhibit C in order to amend the ownership information (See Exhibit B).  Clearly, Malibu Media, LLC, as the putative Copyright Claimant, is attempting to avail itself to the protections of "Supplementary Registration" under 37 C.F.R. 201.5 and Copyright Office Circular 8.  More particularly, the Copyright Claimant filed a Form CA supplementary registration for the basic registration PA 1-776-839 on September 13, 2012, which is believed to be pending.  See Exhibit B.  However, as clearly set forth in 37 C.F.R. 201.5 governing such "supplementary registrations", the pending Supplementary Registration for PA 1-776-839 at Exhibit B is an invalid attempt to:  (a) reflect a change in ownership that occurred on or after the effective date of the basic registration or to reflect the division, allocation, licensing or transfer of rights in a work.  In this regard, even a cursory reading of 37 C.F.R. 201.5(b)(2)(iii) demonstrates that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership".  37 C.F.R. 201.5(b)(2)(iii)(A).

It is respectfully submitted that the Copyright Claimant is obviously trying to circumvent the system and "save" its pending civil action.  Namely, even though they executed an assignment, which they know cannot be effective retroactively for purposes of litigation, a separate Form CA filing was made in the U.S. Copyright Office to "amend" the registration as filed.  It should be seen that reliance on the Supplementary Registration process of Form CA was completely contrary to the express

wording of Copyright Office Circular 8 which states in pertinent part that: "If ownership of the copyright has changed since the basic registration was made....Form CA is not appropriate." [emphasis added]. Thus, the attempted supplementary registration shown at Exhibit B is invalid as a matter of law under the express provisions of 37 C.F.R. 201.5, especially since the Copyright Claimant states on Form CA that they are filing Form CA to reflect the subsequent change in ownership information. Cancellation of the basic registration and the supplementary registration is necessary to maintain the integrity of Copyright Office records[1]. Without cancellation, both the basic and supplementary copyright registration(s) are being given prima facie effect in a federal district court thereby placing an unfair burden on the public and the Requesting Party in the copyright litigation to overcome the strong presumption of validity accorded the registration by the court. See, Library of Congress, 50 FR 40833, October 7, 1985, pg. 4, lines 28-35.

### STATEMENT OF FACTS

The administrative record before the U.S. Copyright Office (hereinafter the "Office") sets forth that the named Copyright Claimant, Malibu Media LLC, through its agent, submitted a U.S. Copyright Application with the Office on February 21, 2012. The Application sought to register a motion picture entitled: Carlie Big Toy Orgasm. The Copyright Claimant stated that the author and owner of the motion picture are Malibu Media LLC and the year of completion is clearly listed as 2010.

On February 21, 2012, the Office issued PA 1-776-839 for a published work to the Copyright Claimant based upon what appeared to be the Copyright Claimant's good faith submission that the submitted application for the Motion Picture "Carlie Big Toy Orgasm" met the legal requirements and complied with applicable Copyright Office Regulations. On June 14, 2012, the Michigan litigation was commenced against multiple civil defendants before the U.S. District Court for the Eastern District of Michigan.

---

[1] At a minimum, the Requesting Party submits that the Copyright Claimant be mandated to follow the "proper procedure" set forth by the Office in Copyright Office Circular 8. Namely, the basic and supplementary registrations should be canceled and the Copyright Claimant can make a new basic registration with the proper and true facts submitted to the Office.

During the course of basic intake of the Malibu Media, LLC complaint filed in Michigan, it became clear to the Requesting Party that the named Copyright Claimant could not conceivably exist or function as the "author" of this Work as "employer for hire" relating to the explicitly listed creation date of 2010 since Malibu Media, LLC itself did not even exist when the subject matter was allegedly created in 2010 according to its original basic registrations, including PA 1-776-839 attached at Exhibit A and the business records database of the State of California attached at Exhibit D.

In response to motion practice on these issues in the Michigan action, Case No. 12-CV-12586, the named Copyright Claimant then filed a Form CA with the Office on September 13, 2012 in the hopes of fixing their ownership issues for purposes of the litigation which were incorrect when it filed the original application. See Exhibit B. The Copyright Claimant is seeking to "correct" or "amplify" its basic registration by claiming that they incorrectly listed Malibu Media LLC as the copyright owner"[2]. Once again, 37 C.F.R. 201.5(b)(2)(iii) unequivocally directs and instructs applicants utilizing Form CA that "[s]upplementary registration is not appropriate: . . .to reflect a change in ownership that occurred on or after the registration date of the basic registration…". 37 C.F.R. 201.5(b)(2)(iii)(B). The administrative record before the Office is thoroughly devoid of any argument or justification why the plain meaning of the pertinent federal regulation should not apply to this Copyright Claimant, particularly where all of these facts were in the possession of Malibu Media, LLC when it filed the basic registration. If anything, the admissions by the Copyright Claimant itself at Exhibit B that "he instructed his agent to register the work, he mistakenly told his agent to register this work as a work for hire authored by Malibu Media LLC", demonstrate that, at best, that the claimant did not utilize competent legal professionals to file the application in the first instance. However, 37 C.F.R. 201.5 tells all of us that a Form CA filing cannot retroactively correct the defect in the application or "amend" PA 1-776-839 in order to maintain standing to continue the Michigan litigation.

---

[2] It is axiomatic that the correct ownership information set forth at Exhibit B cannot conceivably be an "correction" of ownership for an owner which was not in existence at the time of filing and it also cannot be an "amplification" under the rule because they are seeking to reflect changes relating to transfer, license or ownership in violation of 37 C.F.R. 201.5.

## Cancellation Is Warranted Under 37 C.F.R. 201.7

Although it is acknowledged that the Office undertakes cancellation of registered copyrights in limited circumstances, the authority of the Copyright Office to cancel invalid registrations has been exercised since 1909. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 5, lines 8-9.) Further, federal district courts – such as the U.S. District Court for the Eastern District of Michigan - are without jurisdiction to cancel copyright registrations where the Copyright Act of 1976, 17 USC 101 et seq., "does not provide for judicial cancellation of copyright registrations, and it is inconsistent with the purpose of the Copyright Act to imply such a remedy." *Leegin Creative Leather Products, Inc. v. M.M. Rogers and Company, et al.,* 33 USPQ2d 1158 (C.D. Cal. 1994), (citing *Xerox Corp. v. Apple Computer,* 734 F.Supp. 1542, 1549 (N.D. Cal. 1990), and see, *Syntek Semiconductor Co. v. Microchip Technology Inc.,* 62 USPQ2d 1375, 1378 (9th Cir. 2002.) However, federal district courts have invalidated copyright registrations where the registration was obtained based on intentional or purposeful concealment of relevant information. *Original Appalachian Artworks, Inc. v. Toy Loft,* 684 F.2d, 821,828 (11th Cir. 1982); *Knickerbocker Toy Co., Inc. V. Winterbrook Corporation,* 554 F. Supp. 1309, 1318, 216 USPQ 621 (D.N.H. 1982); *accord Russ Berrie & Co., Inc. v. Jerry Elsner Co.,* 482 F. Supp. 980, 988 (S.D.N.Y. 1980); *Eckes v. Card Prices Update,* 736 F.2d 859, 861-62 (2d. Cir. 1984); *Advisers, Inc. v. Wiesen-Hart, Inc.,* 238 F.2d 706, 708 (6th Cir. 1956) *where scienter was absent.* Particularly where, as here, the named Copyright Claimant certainly had knowledge that the asserted author and claimant of the Work did not exist in 2010, the basic registration contains false information under 17 U.S.C. 506(e) which cannot be salvaged by a FORM CA. This is especially important where it is now clear that the FORM CA filing was only submitted to the Office in reaction to motion practice in the Michigan litigation.

Based upon the Malibu Media's own "new and improved" admission(s) to the Office, the Work could not have been created by a non-existent company as a work for hire. Instead, an entirely new theory of copyright creation and existence now posits that "this particular work was created by

6

Brigham Field and was transferred through an assignment of the copyright to Malibu Media LLC after the company was formed[3] and was not originally created as a work for hire." Under 37 CFR §201.7(b)(2): "The Copyright Office will cancel a completed registration only in those cases where: Registration may be authorized but the application, deposit material, or fee does not meet the requirements of the law and Copyright Office regulations, and the Office is unable to get the defect corrected." In this case the application itself is defective on its face and the Office cannot correct the defect. Malibu Media, LLC, by filing the Form CA is suggesting that the defect can be resolved, but this does not negate the fact that at the time of creation in 2010, no such company by the name of Malibu Media LLC was in existence (See Exhibit C). It now becomes necessary to expunge and definitively cancel the PA 1-776-839 basic registration from the records of the Office to maintain the integrity of the Copyright Office and the court's reliance on those records. (See, *Library of Congress,* 50 FR 33065, August 16, 1985, page 3, lines 32-35). Cancellation under 37 C.F.R. 201.7 is appropriate where the "statutory requirements have apparently not been satisfied, or that information essential to registration has been omitted entirely from the application or is questionable ...". 37 CFR 201.7(c)(4). "The authority of the Register to examine claims and refuse registration of invalid claims is explicitly stated in the current Act. 17 U.S.C. 410." (See, *Library of Congress,* 50 FR 40833, October 7, 1985, pg. 3, lines 14-15.) The authority to refuse registration clearly encompasses the authority to cancel a completed registration that is invalid as a matter of law." (*Id* at lines16-21.). Since the author and claimant of PA 1-776-839 clearly did not exist at the time of creation the owner cannot rely upon such filing for the current basis of litigation. Therefore, in order to expedite the judicial system, the Office should cancel the registration as a matter of law. In the alternative, the Office should reject the filing of a Form CA Supplementary Registration, which itself is defective under 37 C.F.R. 201.5 since it is seeking to amend the ownership information. The only proper channel to reflect proper ownership information is through an assignment filing.

---

[3] The assignment document submitted to the Office in September 2012 is undated.

In this instance, Malibu Media, LLC is seeking to amend an existing registration, PA 1-776-839, through a FORM CA in order to have a basis to maintain the Michigan Litigation – even though all of these new facts and statements made by Malibu Media, LLC would have been in its possession when the basic registration was filed. Accordingly, both the PA 1-776-839 basic registration at Exhibit A and the non-complying pending supplementary Form CA at Exhibit B, are invalid as a matter of law and should be cancelled. See 37 C.F.R. 201.5 and 37 C.F.R. 201.7.

### ISSUE REQUESTED FOR REVIEW

Whether PA 1-776-839 issued on February 21, 2012 should be cancelled under 37 C.F.R. 201.7 due to the Copyright Claimant's failure to name the proper and existing author and claimant, particularly when they subsequently filed an assignment and a Form CA to amend the authorship in order to avoid the pending motion to dismiss the Michigan action for lack of standing.

Whether the pending Form CA for PA 1-776-839 is proper under 37 C.F.F 201.5 due to the fact Copyright Claimant itself attempted to correct such defects relating to ownership through an improper supplementary registration in violation of the express provisions of 37 C.F.R. 201.5, Copyright Office Circular 8, and the clear wording of a Form CA filing.

### RELIEF REQUESTED

CANCELLATION UNDER 37 C.F.R. 201.7

The Requesting Party respectfully requests the U.S. Copyright Office to cancel PA 1-776-839 and pending Form CA under 37 CFR 201.7.

Requesting Party,

Date: November 12, 2012

/s/Jeffrey P. Thennisch
Jeffrey P. Thennisch
29 W. Lawrence Street
Suite 210
Pontiac, Michigan 48342
(248) 292-2920