**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MALIBU MEDIA, LLC,

    *Plaintiff*,

v.

DOES 1 – 13,

    *Defendants.*

No. 2:12-cv-12586

**THIRD-PARTY COMCAST'S BRIEF IN OPPOSITION TO
DOE ONE'S MOTION FOR ORDER TO SHOW CAUSE**

Pursuant to the Court's scheduling Order dated November 7, 2012 (ECF No. 40), Third-Party Comcast Cablevision and/or Comcast Business Communications, LLC (collectively "Comcast")[1] hereby submits this Brief in Opposition to Defendant John Doe One's ("Doe #1") Motion for an Order to Show Cause ("Motion," ECF No. 35). As more fully explained below, the Court should deny Doe #1's Motion.

---

[1] While Doe #1 named these two entities in his Motion, the proper entity is Comcast Cable Communications Management LLC.

## STATEMENT OF ISSUES PRESENTED

1. Should Comcast have to explain why Doe#1's information was produced to Plaintiff in response to a Subpoena?

Comcast's Answer:  No, but as set forth in this Brief, Comcast informed Doe #1 that such information would be produced to Plaintiff if Doe #1 did not file a motion to quash the subpoena by a date certain.  Doe #1 did not timely file a motion to quash by that date, and therefore Comcast produced Doe #1's information to Plaintiff

2. Should Comcast be liable to Doe #1 for damages under the Cable Privacy Act?

Comcast's Answer:  No, Comcast fully complied with the requirements of the Cable Privacy Act. If any relief should be awarded to Doe #1, it should be that Plaintiff must not use Doe #1's identifying information in this proceeding unless and until the Court resolves Doe #1's outstanding motion to quash.

## CONTROLLING/MOST APPROPRIATE AUTHORITY

1. This Court's July 9, 2012 Order (ECF No. 3)

2. Cable Privacy Act, 47 U.S.C. § 551(c)(2)(B)

3. Fed. R. Civ. P. 45

**INTRODUCTION**

This is a copyright infringement case in which Plaintiff alleges that thirteen anonymous Doe Defendants individually and/or collectively infringed Plaintiff's copyright in certain adult films using the BitTorrent file sharing protocol. (ECF No. 1, Compl. ¶¶ 12-18). Comcast is not a defendant in this case, nor has Plaintiff alleged that Comcast played any role in the alleged infringements of Plaintiff's copyrights. Comcast has only been brought into this case as a third-party responding to a subpoena served by Plaintiff.

Comcast was subpoenaed because, at the time Plaintiff filed its Complaint, Plaintiff only knew the Internet Protocol ("IP") addresses for the thirteen Doe Defendants. Using an easily accessible online program, Plaintiff determined which Internet service providers ("ISPs") had provided Internet access services to each of the thirteen Doe Defendants, as well as the City and State associated with the Doe Defendants' IP addresses. (ECF No. 1-1, Compl. Ex. A)

Shortly after filing its Complaint, Plaintiff sought leave to conduct early discovery. (ECF No. 2). On July 9, 2012 this Court granted Plaintiff's motion, allowing Plaintiff to pursue limited discovery of the ISPs to attempt to identify the Doe Defendants associated with the specific IP addresses included in the exhibit to the Complaint. Specifically, the Court's July 9, 2012 Order (ECF No. 3) provided that:

> If and when the ISPs are served with a subpoena, they shall give written notice, which may include email notice, to the subscribers in question within five (5) business days. If the ISPs and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service

July 9 Order at 3.

Pursuant to the Court's July 9 Order, Plaintiff served a Subpoena Duces Tecum (the "Subpoena") on Comcast seeking the identity (name, address, and telephone number) of the nine

Doe Defendants that had been identified as Comcast subscribers (including Doe #1). However, Plaintiff did not set the return date of the Subpoena as directed in the July 9 Order, instead selecting August 28, 2012. Notwithstanding, and as more fully explained below, Comcast thereafter acted to put Doe #1 on notice of the Subpoena by sending the Subpoena July 9 Order to Doe #1 by overnight mail and gave Doe #1 a deadline to move to quash that was actually more than 21 days as provided in the July 9 Order, but sooner than the erroneously indicated return date on the Subpoena. Although there are obvious date discrepancies among the Court's July 9 Order, the return date for the Subpoena served by Plaintiff, and Comcast's Notice letter to Doe #1, nothing changes the fact that Doe #1 either deliberately ignored the date given by Comcast as the deadline for moving to quash, or Doe #1 failed to engage counsel in a timely matter, because Doe #1's Motion to Quash was filed *after* the date Comcast stated that it would disclose the Doe #1's identifying information to the Plaintiff.

## **ARGUMENT**

There is no dispute that the Subpoena was served by Plaintiff on Comcast on July 13, 2012, and set a return date of August 28, 2012.[2] There is no explanation, however, why the Subpoena was not returnable 21 days from the date of service as directed by the July 9 Order (which, if the subpoena was served on July 13, 2012, should have been set as August 3, 2012).

There is also no dispute that, after Comcast received the Subpoena and determined which of its subscribers were associated with the IP addresses listed on the Subpoena, Comcast sent (via overnight UPS delivery) a letter dated July 25, 2012 to Doe #1 ("Notice Letter") with a copy

---

[2] The Subpoena was attached as an Exhibit to Doe #1's Motion. (ECF 35-1). It is clearly visible at the top of the page that the fax service date of the Subpoena was July 13, 2012 and the return date on the Subpoena was set as August 28, 2012, which was **45** days (not **21**) after service.

5

of the Subpoena and July 9 Order.[3]  The Notice Letter advised Doe #1 that Comcast had been served with a Subpoena seeking Doe 1's personally identifiable information, and informed Doe #1 that if Doe #1 did not file a motion to quash or vacate the subpoena by *August 15, 2012*, Comcast would comply with the subpoena "on the next business day after August 15, 2012."[4]

Doe #1 did not move to quash or vacate the subpoena by August 15, 2012, so Comcast complied with the subpoena and provided the requested information about Doe #1 to Plaintiff on August 20, 2012, along with the identifying information on six of the other Doe Defendants who were Comcast subscribers and had not filed motions to quash.[5]

Doe #1 now complains that "Comcast should not have produced documents while motions to quash were pending."  (Mot. At 5).  Of course, Doe #1 should not complain because *his* motion to quash was not pending when Comcast responded to the Subpoena by providing his personal information.[6]  Indeed, the only reason Comcast provided Doe #1's information in its response to the Subpoena was because Doe #1 *had not himself* filed a motion to quash within the

---

[3] The Notice Letter (neither referenced in nor attached to Doe #1's Motion) is attached hereto as Exhibit A (Doe #1's name and street address are redacted).  Comcast concedes that it sent Notice more than 5 days after receiving the Subpoena by fax from Plaintiff.

[4] Given that the August 15, 2012 deadline stated by Comcast in the Notice Letter is actually 21 days from the date of the letter, the Court's July 9 Order was interpreted (mistakenly or otherwise) to provide that any motion to quash must be filed "21 days from the date of service" of Comcast's Notice Letter (not the Subpoena).  In any event, the deadline given by Comcast was longer than Doe #1 otherwise would have had if Comcast had sent the Notice Letter five days after it was served with the Subpoena and the return date of the subpoena had been properly set for August 3, 2012.

[5] Exhibit B.  Comcast produced the name, address and phone number for each Doe.  For purposes of this exhibit, all but the city and state for the identified Does are redacted. The information on Doe #4 (whose motion to quash was pending) was specifically excluded, and Comcast also advised that it had insufficient information to identify Doe #6.

[6] Interestingly, Doe #4 apparently understood the Notice Letter he received from Comcast because he met the deadline by filing his motion to quash on August 3, 2012. (ECF No. 5). Some ISPs have withheld and others have produced unless a specific motion addressing the IP address is on file.  *See, e.g., AF Holdings v. Does 1-35*, 2012 WL 1038671 at * 5 (N.D.Cal.).

requisite time. The motion to quash that was pending at the time Comcast responded to the subpoena was by and for Doe #4 – and Comcast of course did not include any information relating to Doe #4 in its Subpoena response (Exhibit A at 2).

Doe #1 does not deal with the notice he received from Comcast – which there is no denying he received because he otherwise would have not gained knowledge about the Subpoena or the pending action. Doe #1 conveniently omitted any reference to the Notice Letter in his motion and also did not include it (or the July 9 Order) when he attached the Subpoena that Comcast had forwarded him as an exhibit to his Motion. In addition, Doe #1 does not explain why he ignored the August 15, 2012 deadline set in Comcast's notice to file a motion to quash or vacate the subpoena or why the 21 days in the July 9 Order were also ignored. And Doe #1 cannot be heard to argue that he was somehow complying with the July 9 Order, because based on the Order and the date of service of the Subpoena, the deadline to move to quash or vacate the subpoena would have been 12 days sooner than August 15, 2012. In reality, Comcast allowed Doe #1 more time to move to quash the Subpoena than he otherwise would have had, and the extended time certainly did not prejudice to Doe #1. If Doe #1 or his counsel thought there was an inconsistency, someone should have made an immediate attempt to resolve it, not wait until it was too late. For whatever reason that Doe #1 has not explained, he failed to heed the warning. Comcast should not be punished for Doe #1's lack of diligence in following up with the Notice Letter it received from Comcast.

Finally, Doe #1's request for damages pursuant to the Cable Privacy Act is meritless. Doe #1's memorandum does not even cite a specific provision of the Cable Privacy Act. Moreover, the section of the Cable Privacy Act cited by Doe #1 in the motion itself – 47 U.S.C. 551 – does not support his claims. That section specifically states that "a cable operator may

disclose [personally identifiable] information *if the disclosure is . . . made pursuant to a court order authorizing such disclosure,* [and] *if the subscriber is notified of such order by the person to whom the order is directed.*" 47 U.S.C. § 551(c)(2)(B) (emphasis added). Here, there was a court order authorizing the disclosure, and Comcast gave adequate notice to Doe #1 well before releasing any information to Plaintiff. Doe #1 simply did not act soon enough to prevent the disclosure of his information. Accordingly, Comcast is not liable for any damages.

**Conclusion**

For the foregoing reasons, Comcast respectfully requests that the Court deny the Motion for Order to Show Cause. In the event the Court determines to quash one or more subpoenas or dismiss the case (*see, e.g.,* ECF Nos. 5, 10, 17 and 41) the Court should order Plaintiff and Plaintiff's counsel to destroy any identifying information on the Does received in response to the subpoena(s). In the meantime Plaintiff's counsel should be ordered to not use the identifying information on Doe #1 until further order of the Court.

Date:  November 13, 2012                    Respectfully submitted,

/s/ Michael P. Donnelly
Michael P. Donnelly, Esq. (P45221)
**Fraser Trebilcock Davis & Dunlap, PC**
One Woodward Ave., Ste. 1550
Detroit, MI 48226
(313) 237-7300
mdonnelly@fraserlawfirm.com
*Counsel for Comcast Cablevision/Comcast Business Communications LLC*

*Of Counsel:*
John Seiver / johnseiver@dwt.com
Leslie G. Moylan / lesliemoylan@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1919 Pennsylvania Ave. NW, Suite 800
Washington, DC 2000
(202) 973-4216
lesliemoylan@dwt.com

## **CERTIFICATE OF SERVICE**

        I hereby certify that on November 13, 2012, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF System which will send notification of such filing to all attorneys of record.

Dated: November 13, 2012                  /s/ Michael P. Donnelly
                                                       Michael P. Donnelly, Esq. (P45221)
                                                       **Fraser Trebilcock Davis & Dunlap, PC**
                                                       One Woodward Ave., Ste. 1550
                                                       Detroit, MI 48226
                                                       (313) 237-7300
                                                       mdonnelly@fraserlawfirm.com

                                                       *Counsel for Comcast Cablevision/Comcast*
                                                       *Business Communications LLC*