**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: <u>2:12-cv-12586-PJD-MJH</u> |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN DOES 1-13, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT**
**JOHN DOE ONE'S MOTION FOR AN ORDER TO SHOW CAUSE PLAINTIFF**
<u>**MALIBU MEDIA, LLC & SUBPOENAED PARTY COMCAST CORPORATION**</u>

## STATEMENT OF ISSUES PRESENTED

1.  Should Plaintiff's Complaint against Doe 1 be dismissed with prejudice?

Plaintiff's Answer:   No, Plaintiff's complaint should not be dismissed against Doe 1 with prejudice because Doe 1 infringed multiple movies by Plaintiff and Doe 1 cannot cite any authority or justification for his request for dismissal.

2.  Should Plaintiff be required to pay Doe 1's attorney's fees for failure to inform Doe 1 that Plaintiff had received his name?

Plaintiff's Answer:   No, Doe 1 failed to disclose to Plaintiff or the Court that his motion was untimely.   It is not Plaintiff's responsibility to inform Defendant that his motion is late and improper, nor to compensate and reward Defendant for his lack of due diligence.   Plaintiff relied on Defendant's motion and did not cross reference the subpoena responses it had received when filing its response to Defendant's motion.

## I.    INTRODUCTION AND FACTS

On June 14, 2012 Plaintiff filed its complaint for copyright infringement against thirteen John Doe Defendants.  On June 23, 2012 Plaintiff filed its motion for leave to serve third party subpoenas prior to a rule 26(f) conference and on July 9, 2012 this Court issued its Order finding that Plaintiff had demonstrated good cause to receive the discovery and subpoena Defendant's Internet Service Providers ("ISPs").

The July 9, 2012 Order set forth a time frame for the subpoenaed information to be delivered.  The Court ordered that Comcast provide notice to the defendants within 5 business days and then provide the Defendants with 21 days from the date of service to object.  *See* Order at DE 3.

On August 3, 2012 John Doe 4 filed a Motion to Quash the subpoena and attached the subpoena notification letter sent from Comcast as an Exhibit.  *See* DE 8-1.  This document shows a redacted letter Comcast sent to its subscribers notifying the subscribers of the law suit.  In this letter, Comcast stated, "Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the Eastern District of Michigan such as a motion to quash or vacate the Subpoena no later than August 15, 2012." (Emphasis not added.)  John Doe 1, who brings the present motion, is also a Comcast subscriber. While John Doe 1 does not mention this letter, it can be presumed that he received an identical letter because the Court ordered Comcast to notify all of its subscribers.  John Doe 1 hired an attorney to appear and file numerous motions in this case.  Without receiving the letter, John Doe 1 would not have been notified of the present action.

Plaintiff, however, did not receive a copy of the letter sent by Comcast and was not advised to a precise due date for motions to be filed.  In the letter filed by John Doe 4, Comcast

specifically provided Defendant with a deadline, which was exactly 21 days from the date in which the letter was sent. Comcast also referred to the Order in this case. Comcast then continued in its letter, "[s]hould you choose to contest the release of your information by filing legal process with the court, it must be filed in the same court where the lawsuit is filed. If you make this filing, you must notify Comcast in writing with a copy and proof of filing by sending it via fax to (866) 947-5587 no later than August 15, 2012." (Emphasis included in original.)

On August 21, 2012 counsel for Defendant informed Plaintiff that he was going to file a motion to quash and Plaintiff told Defendant it would oppose. On August 23, 2012, counsel for Defendant contacted Plaintiff again with a settlement number and threatened Plaintiff that he would file his motion to quash should Plaintiff not lower its number to a nominal amount. Plaintiff assumed defense counsel was being truthful and did not check its records to see whether it received the information. Plaintiff again informed counsel for Defendant that it would oppose a motion to quash. It simply did not occur to either Plaintiff or undersigned that defense counsel would completely ignore a due date provided by an ISP and file a motion over a week late.

Plaintiff had no knowledge of the due date from the ISP. From its experience, ISPs often receive a high volume of subpoenas, particularly from federal law enforcement. Plaintiff understands that these subpoenas take priority and often, ISPs provide Plaintiff with the information several days, if not weeks, after the original due date. From Plaintiff's experience it is not unusual for a defense counsel to contact an ISP and determine its time frame to file a motion to quash based on any delays an ISP may be experiencing.

On August 22, 2012 the subpoena responses from Comcast were received and undersigned forwarded them for processing to a paralegal. Undersigned did not realize that Defendant John Doe 1's information was provided and did not cross reference with the subpoena

response when filing the response.  It was assumed Defendant had notified Comcast of its intent to quash the subpoena.  This is evident as undersigned and Plaintiff put forth significant time and expense to oppose Defendant's motion and appear at the hearing.  Had undersigned and Plaintiff known Defendant had filed a frivolous motion, well past his deadline, undersigned would have raised this issue immediately and declared Defendant's motion moot.  There was simply nothing to be gained by hiding Defendant's information, particularly given that it is Defendant's own fault for the information being released.

Further, Plaintiff has not used Defendant's information in any way that would prejudice Defendant.  Plaintiff has had at all times on record that Defendant has filed a motion to quash, and has acted in accordance.  Plaintiff did not even realize it had Defendant's identifying information until a paralegal dismissed the defendants in the case whose names had been received.  Indeed, Plaintiff filed the notice of scrivener's error because it does not dismiss a defendant with a pending motion and did not intend to dismiss Defendant from this case until the Court has adjudicated his motions.

Defendant attacks both Plaintiff and Comcast for failing to notify him that his information has been released.  Defendant goes to such lengths as to demand the harshest of sanctions, that his case be dismissed with prejudice and that Plaintiff pay his attorney's fees.  At no point, however, did Defendant ever convey to undersigned or Plaintiff that his motion was untimely.  Defendant filed a frivolous motion and now seeks dismissal and attorney fees from Plaintiff because he claims Plaintiff failed to inform him his motion was frivolous.  This is not Plaintiff's responsibility.  Defendant should not be rewarded for his own failure to do due diligence.

**II.    THIS COURT SHOULD NOT DISMISS DEFENDANT JOHN DOE 1
WITH PREJUDICE AND SHOULD NOT REQUIRE PLAINTIFF TO PAY
FOR JOHN DOE 1'S ATTORNEY FEES**

The Court should not dismiss John Doe 1 with prejudice because he is guilty of
infringing Plaintiff's copyrights.  Plaintiff has pled in its complaint that Defendant infringed 15
of its movies.  Plaintiff's investigator, IPP Limited ("IPP"), has also determined that Defendant
has illegally downloaded and distributed an additional movie owned by Plaintiff.  Further, IPP
set up a cross reference tool that scans all BitTorrent traffic.  IPP referenced its tool and has
evidence that Defendant infringed tv shows, music, movies, and other copyrighted content
owned by numerous copyright owners.  Interestingly, the infringement appears to have stopped
around the time Defendant would have received the letter from Comcast notifying him of this
suit.  The evidence overwhelmingly supports that Defendant was using the BitTorrent protocol to
infringe Plaintiff's movies.  Defendant is now seeking to play procedural games so that he can
avoid liability for his infringement.

Defendant argues that Plaintiff should be ordered to dismiss his client with prejudice for
failing to comply with LR 7.1 and LR 37.1.   Defendant fails to cite *any* authority that would
support dismissal *with* prejudice as a proper sanction for failing to comply with the local rules.
"Dismissal is a sanction of last resort and should be used only where lesser sanctions are not
feasible*." Burns v. St. Francis Hosp.*, 72 F.3d 129 (6th Cir. 1995).  Defendant further fails to
adequately explain or cite any authority as to how Plaintiff violated LR 7.1 and LR 37.1.
Defendant does not mention or explain which subsection of LR 7.1 Plaintiff violated.

LR 7.1(a) states: **(a)   Seeking Concurrence in Motions and Requests.**

(1)   The movant must ascertain whether the contemplated motion, or request under
Federal Rule of Civil Procedure 6(b)(1)(A), will be opposed. If the movant obtains concurrence,
the parties or other persons involved may make the subject matter of the contemplated motion or
request a matter of record by stipulated order.
(2)   If concurrence is not obtained, the motion or request must state:

(A)  there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought; or

(B)  despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference.

(3)  The court may tax costs for unreasonable withholding of consent.

LR 7.1(a) clearly proscribes conduct for the *movant* to follow.  To Plaintiff's knowledge, none of Plaintiff's motions are at question.  Further, while undersigned regrets not getting back to Defendant immediately, undersigned was understandably confused by what happened and needed to speak with his staff and client before properly addressing the situation.  Plaintiff does not consent to Defendant's request to dismiss the case against him with prejudice and pay his attorney's fees.  The relief requested by Defendant is absurd and Plaintiff should not be forced to pay costs for its refusal to consent to this absurd request.

Defendant appears to argue that Plaintiff's case should be dismissed with prejudice for failing to comply with LR 7.1 by not informing Defendant in the statement of unresolved/resolved issues that Plaintiff had received his name.  Nowhere, does LR 7.1 provide for any rule regarding statement of unresolved/resolved issues.  As stated above, Plaintiff did believe when responding to the statement of unresolved/resolved issues that there was a genuine dispute regarding Defendant's motion.  If anyone should be penalized for failing to comply with LR 7.1, it should be Defendant when he sought Plaintiff's consent for filing a motion to quash and did not inform Plaintiff that the motion was untimely, moot, and frivolous.

Plaintiff did not violate LR 37.1.  LR 37.1 states:

**LR 37.1 Motion to Compel Discovery**

With respect to all motions to compel discovery, counsel for each of the parties or a party without counsel shall confer in advance of the hearing in a good faith effort to narrow the areas of disagreement. The conference shall be held a sufficient time in advance of the hearing so as to enable the parties to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility

of counsel for the movant or a party without counsel to arrange for the conference.

At no point has Plaintiff filed a motion to compel to receive Defendant's information.  The only time Plaintiff requested Comcast provide Defendant's information was in the initial subpoena to Comcast issued on July 13, 2012.  Because Plaintiff has not filed a motion to compel, nor compelled anyone, without authorization, to issue the discovery, Defendant should not be granted the relief requested.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: November 13, 2012

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By:     /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel:  (248) 203-7800
Fax:  (248) 203-7801
E-Fax: (248) 928-7051
Email:  paul@nicoletti-associates.com
*Attorney for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).  This document was prepared using Times New Roman (12 pt.).

This 13th day of November, 2012.

By:     /s/ *Paul J. Nicoletti*

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Paul J. Nicoletti*