UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MALIBU MEDIA, LLC,**
  a California limited liability company,  Civil Action No. 2:12-cv-12586
   Plaintiff,
 vs.  Patrick J. Duggan
   United States District Judge

**JOHN DOES 1-13**,
   Michael Hluchaniuk
   Defendants.  United States Magistrate Judge

| Nicoletti & Associates, PLLC | EPIC Law PLLC |
|---|---|
| Paul J. Nicoletti, Esq. (P44419) | Hattem A. Beydoun (P66071) |
| 36880 Woodward Ave, Suite 100 | PO BOX 32598 |
| Bloomfield Hills, MI 48304 | Detroit, Michigan 48232 |
| Tel: (248) 203-7800 Fax: (248) 203-7801 | Tel: (888) 715-8033 Fax: (313) 254-4923 |
| Email: paul@nicoletti-associates.com | Email: hbeydoun@epiclg.com |
| Attorney for Plaintiff | Attorney for Defendant John Doe Number One |

**DEFENDANT JOHN DOE ONE'S REPLY TO
COMCAST'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR
AN ORDER TO SHOW CAUSE**

In Reply to Comcast's Opposition to Defendant John Doe One's ("Doe 1") Motion to Show Cause, Doe 1 states the following:

Comcast believes that the deadline for Doe 1 to file his motion to quash was based upon the date that Comcast gave notice to Doe 1 of the Subpoena. This is untrue; the Order permitted Comcast and Doe 1 to move to quash the Subpoena before the return date of the Subpoena. Specifically,

> If and when the ISPs are served with a subpoena, they shall give written notice, which may include email notice, to the subscribers in question within five (5) business days. If the ISPs and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

July 9, 2012 Order, DE 3 at Pg ID 88

Malibu set August 28, 2012 as the return date of the Subpoena; therefore, Comcast and Doe 1 had until August 27, 2012 to move to quash the Subpoena.  The 21 day period Comcast references is the length of time the Court allotted Comcast to respond to the Subpoena calculated from the date of service of the Subpoena and not the date that Comcast notified Doe 1 of the Subpoena.  The Court required Malibu to set the return date of the Subpoena 21 days from the date of service to Comcast.  Therefore, contrary to Comcast's arguments, the response date set forth on the Subpoena determines the deadline for Comcast and any of the John Does to move to quash the Subpoena.

Furthermore, after service of the Subpoena to Comcast, the Court required Comcast within five (5) business days to give written notice to the John Does.  Comcast gave the Does notice of the subpoena and Order on July 26, 2012 (See Comcast Notice Letter at Exhibit A of Comcast Opposition DE43-2 at Pg ID 713).  If Comcast now believes that it was served with the Subpoena on July 13, 2012 (no proof of service submitted by either Comcast or Malibu indicating the service date of the subpoena, if any[1]), then Comcast did not comply with the five day notice requirement as Comcast provided notice of the subpoena on July 26, 2012 nine business days after it had received it.

Comcast also believes that if Doe 1 had an issue or any questions with Comcast's position with the response date set forth in the July 25, 2012 letter Doe 1 should have contacted Comcast.  However, Comcast's letter clearly instructed Doe 1 not to contact Comcast:

**"Comcast cannot and will not provide any legal advice."** (emphasis original) …

---

[1] Malibu could have provided Comcast with notice of the Subpoena prior to service of the Subpoena.  Comcast could then give notice of the subpoena to the John Does prior to Comcast being served with the Subpoena pursuant to Fed. R. Civ. P. 5.

"If you have legal questions about this matter, please contact an attorney."

See Exhibit A to Comcast Opposition DE43-2 at Pg ID 713

Next Comcast ignores Doe 4's previously filed motion to quash as completely irrelevant to Comcast's disclosure of Doe 1 or for that matter any of the other John Does. Because Doe 4 previously filed a motion to quash the Subpoena prior to Comcast's response on August 3, 2012, Comcast was prohibited from producing any response to the Subpoena.[2] Comcast wishes to construe Doe 4's motion to quash as a motion in limine or a motion to limit discovery, when it is in fact a motion to quash a subpoena. The Court's Discovery Order (DE3), did not require each John Doe to file a motion to quash to prevent their respective identities from disclosure nor did it permit Comcast the ability to partially respond to the subpoena during the pendency of a motion to quash. Malibu issued only one subpoena to Comcast in this action and a party sought to quash it in its entirety prior to Comcast's disclosure. Therefore, upon recipt of Doe's 4 motion to quash, Comcast should have waited until the Court resolved the motion, or any other subsequent motion, before it responded to the subpoena.

In conclusion, Doe 1 requests that Comcast be ordered to pay Doe 1's attorney fees, costs, and any damages allowed by the Cable Privacy Act for wrongfully responding to the Subpoena, and disclosing Doe 1's identity while there were pending motions to quash the Subpoena.

Respectfully submitted,

Date: November 20, 2012                           /s/Hattem Beydoun__

---

[2] The Complaint alleges that the John Does collectively operated as a team ("swarm") in infringing the putative copyright registrations. Therefore, revealing the identity of any John Doe could therefore jeopardize the identity or otherwise harm the other John Does.

                                             EPIC Law PLLC
                                             Hattem A. Beydoun (P66071)
                                             PO BOX 32598
                                             Detroit, Michigan 48232
                                             Attorney for Defendant Doe No. 1
                                             Tel: (888) 715-8033 Fax: (313) 254-4923
                                             hbeydoun@epiclg.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on November 20, 2012, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

November 20, 2012                                        /s/Hattem Beydoun
                                                               Hattem A. Beydoun (P66071)