UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MALIBU MEDIA, LLC,**
  a California limited liability company,  Civil Action No. 2:12-cv-12586
    Plaintiff,
  vs.  Patrick J. Duggan
    United States District Judge

**JOHN DOES 1-13**,
    Michael Hluchaniuk
    Defendants.  United States Magistrate Judge

| | |
|---|---|
| Nicoletti & Associates, PLLC<br>Paul J. Nicoletti, Esq. (P44419)<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800 Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br>Attorney for Plaintiff | EPIC Law PLLC<br>Hattem A. Beydoun (P66071)<br>PO BOX 32598<br>Detroit, Michigan 48232<br>Tel: (888) 715-8033 Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br>Attorney for Defendant John Doe Number One |

**DEFENDANT JOHN DOE ONE'S REPLY TO
PLAINTIFF MALIBU MEDIA'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR AN ORDER TO SHOW CAUSE**

  In Reply to Plaintiff Malibu Media's Opposition to Defendant John Doe One's ("Doe 1") Motion to Show Cause, Doe 1 states the following:

I. Counter- Statement of Facts:

Plaintiff Malibu Media, LLC ("Malibu") argues that the July 9, 2012 Order at DE3 allowing Malibu to serve a third party subpoena provided Comcast and Doe 1 with "21 days from the date of service to object" (Malibu Opposition at DE44 pg ID 718).[1]  This is untrue; the Order

---

[1] Malibu's argument regarding the timeliness of Doe 1's motion to quash is irrelevant as to Doe 1's request to show cause Malibu.  Doe 1 moves to show cause Malibu because it did not notify Doe 1 that it had received the subpoena responses when Doe 1 sought concurrence to file a motion to quash and the parties were required to submit a joint statement of unresolved issues as required by the Local Rules and Court Order.

permitted Comcast and Doe 1 to move to quash the Subpoena before the return date of the Subpoena. Specifically,

> If and when the ISPs are served with a subpoena, they shall give written notice, which may include email notice, to the subscribers in question within five (5) business days. If the ISPs and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena, which shall be 21 days from the date of service.

July 9, 2012 Order, DE 3 at Pg ID 88

Malibu set August 28, 2012 as the return date of the Subpoena; therefore, Comcast and Doe 1 had until August 27, 2012 to move to quash the Subpoena. The 21 day period Malibu references is the length of time the Court allotted Comcast to respond to the Subpoena calculated from the date of service of the Subpoena. The Court required Malibu to set the return date of the Subpoena 21 days from the date of service to Comcast. Therefore, contrary to Malibu's arguments, the response date set forth on the Subpoena determines the deadline for Comcast and any of the John Does to move to quash the Subpoena. The service date cannot be the deciding factor as Doe 1 is unaware of the date Malibu served the Subpoena to Comcast as provided by LR 5.2 and Fed. R. Civ. P. 5, while on the other hand, all the parties were aware of the Subpoena response due date.[2] After service of the Subpoena to Comcast, the Court required Comcast within five (5) business days to give written notice to the John Does. Comcast gave the Does notice of the subpoena and Order on July 26, 2012 (Comcast notice letter). It is not clear if Comcast complied with the five day requirement as the service date of the Subpoena is unknown. Malibu could have provided Comcast with notice of the Subpoena prior to its service to

---

[2] The subpoena contains a heading "Fm:Nicoletti & Associates, PLLC To:Lena Demalo (18669475587) 23:12 07/13/12 EST Pg x-7." However, this is not indicative of when Malibu served the subpoena as set forth by Fed. R. Civ. P. 5.

2

Comcast, therefore, the mere fact Comcast provided notice of the subpoena on July 26, 2012 is not indicative as to win Malibu served the subpoena to Comcast.

Malibu erroneously argues that the July 9, 2012 Court Order at DE3 does not dictate the allotted time for the parties to file a motion to quash.  Rather, Malibu believes that the Comcast notice letter instead sets forth the deadlines for Doe 1 to file its motion to quash.[3]  The Court Order clearly states that "[i]f the ISPs and/or any Defendant wants to move to quash the subpoena, the party must do so before the return date of the subpoena." *Id* at Pg ID 88.  Malibu argues that since the Comcast notice letter states that Doe 1 "must notify Comcast in writing with a copy and proof of filing by sending it via fax to … no later than August 15, 2012;" therefore, the deadline for Doe 1 to move to quash the subpoena was August 15, 2012.  Comcast is not in a position to shorten the response time for Doe 1 to file his motion to quash, the July 9, 2012 Order states that both Comcast and the John Does can file their motions before the return date of the Subpoena.

Moreover, Doe 4 had already filed a motion to quash the Subpoena prior to Comcast's response to the Subpoena; therefore, Comcast was prohibited from producing any response to the Subpoena.[4]  In this regard, Doe 1 wishes to be clear, the motion to show cause is not only premised on Comcast's premature disclosure of Doe 1's identity to Malibu and Malibu's failure to inform Doe 1 and the Court of the disclosure.  Rather, it is premised on the fact that Comcast provided a response and Malibu failed to inform Doe 1 and the Court of Comcast's response to the Subpoena.  Even if Comcast had not disclosed Doe 1's identity, Doe 1 would still be filing

---

[3] "Plaintiff, however, did not receive a copy of the letter sent by Comcast and was not advised to a precise due date for motions to be filed." Malibu Opposition at DE 44 at Pg ID 718.

[4] The Complaint alleges that the John Does collectively operated as a team ("swarm") in infringing the putative copyright registrations.  Therefore, revealing the identity of any John Doe could therefore jeopardize the identity or otherwise harm the other John Does.

his motion to show cause because Comcast should have not responded to the Subpoena at all disclosing any of the John Does' information and Malibu should have informed the parties of the same.

Malibu also states in its opposition to Doe 1's motion to show cause:

> On August 21, 2012 counsel for Defendant informed Plaintiff that he was going to file a motion to quash and Plaintiff told Defendant it would oppose. On August 23, 2012, counsel for Defendant contacted Plaintiff again with a settlement number and threatened Plaintiff that he would file his motion to quash should Plaintiff not lower its number to a nominal amount.

Malibu opposition DE44 at Pg ID 719.

Malibu discusses limited communications between the parties prior to Doe 1 filing his motion to quash including distorted "settlement" discussions. Therefore, Doe 1 is left with no choice but to outline the details of the parties' initial contact including these "settlement" discussions. On August 21, 2012, the same day that Malibu's counsel received the Comcast subpoena responses, Doe 1's attorney contacted Malibu's attorney of record by email regarding Doe 1's desire to quash the Comcast Subpoena. Later that same day, Doe 1's attorney received a phone call from an individual who identified herself as "Elizabeth Jones" a self-proclaimed representative of Malibu Media from the "litigation department." Ms. Jones was not interested in discussing the merits of the motion to quash, rather, Ms. Jones indicated that Plaintiff would accept $[REDACTED] from Doe 1 in full settlement of the matter. During the phone conference, Doe 1's attorney asked Ms. Jones if she was an attorney and she responded that she was not. Doe 1's attorney ended the conversion at that point and contacted Malibu's attorney of record regarding the communication. Thereafter, Doe 1's attorney again attempted to contact Malibu's attorney of record regarding Doe 1's motion to quash including compliance with the local rules and the Court's August 30, 2012 Scheduling Order and Order Requiring Compliance with Local Rules 7.1 and 37.1 (DE19) only to be ignored. Had Malibu's attorney informed Doe

4

1 that Comcast had responded to the subpoena, Doe 1 would have avoided his attorney fees in relation to the motion to quash.

II.Scheduling Order & Order Requiring Compliance with LR 7.1 and 37.1 (DE19)

Malibu believes that it was under no obligation to comply with LR 7.1 and 37.1 (or even Magistrate Judge Hluchaniuk's Civil Motion Practice Guidelines) because these rules are not applicable to Malibu as a respondent. (See Malibu Opposition DE44 at Pg ID 722).  Specifically, that LR 7.1(a) only applies to the movant and that as a respondent to Doe 1's motion to quash, it was under no obligation to notify Doe 1, or the Court, of Comcast's response to the subpoena.

Furthermore, Malibu argues that LR 37.1 does not apply in this matter because Doe 1 filed a motion to quash and not a motion to compel.  Plaintiff is directed to the August 30, 2012 Order (DE19) requiring the parties to adhere to the requirement of LR 37.1 as well as the Judge's motion guidelines.  If Malibu had attempted to comply with the Court's Order (DE19), it would have notified Doe 1 that Comcast has already responded to the Subpoena.

III.Conclusion

Based upon Malibu's failure to notify Doe 1 and the Court of Comcast's Subpoena response, Doe 1 requests that the Court alter the voluntary dismissal filed by Malibu dismissing Doe 1 into an involuntary dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(b), and award Doe 1 his attorney fees and costs.

Respectfully submitted,

Date: November 20, 2012/s/Hattem Beydoun
EPIC Law PLLC
Hattem A. Beydoun (P66071)
PO BOX 32598
Detroit, Michigan 48232
Attorney for Defendant Doe No. 1
Tel: (888) 715-8033 Fax: (313) 254-4923

5

hbeydoun@epiclg.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 20, 2012, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF System, which will send notification of such filing to all attorneys of record.

November 20, 2012                                  /s/Hattem Beydoun_____
                                                           Hattem A. Beydoun (P66071)