UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MALIBU MEDIA, LLC,**
    a California limited liability company,
        Plaintiff,
vs.

**JOHN DOES 1-13**,

        Defendants.

Civil Action No. 2:12-cv-12586

Patrick J. Duggan
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

| Nicoletti & Associates, PLLC<br>Paul J. Nicoletti, Esq. (P44419)<br>36880 Woodward Ave, Suite 100<br>Bloomfield Hills, MI 48304<br>Tel: (248) 203-7800 Fax: (248) 203-7801<br>Email: paul@nicoletti-associates.com<br>Attorney for Plaintiff | EPIC Law PLLC<br>Hattem A. Beydoun (P66071)<br>PO BOX 32598<br>Detroit, Michigan 48232<br>Tel: (888) 715-8033 Fax: (313) 254-4923<br>Email: hbeydoun@epiclg.com<br>Attorney for Defendant John Doe #1 |
|---|---|

**JOINT STATEMENT OF UNRESOLVED ISSUES
REGARDING MOTION TO SHOW CAUSE (DE35)**

    Movant, Defendant John Doe #1 ("Doe#1"), and Respondent, Plaintiff Malibu Media, LLC ("Malibu"), hereby submit their joint statement of remaining unresolved issues regarding Doe#1's Motion to Show Cause Malibu (DE35) for failure to notify Doe#1 and the Court that Comcast had already responded to the July 13, 2012 Subpoena prior to Doe#1 filing his motion to quash and after oral argument on the motion. The Parties, having conferred in good faith, were unsuccessful in resolving the subject matter of the Motion to Show Cause. Therefore, following disputed issues remain:

    1. Did Malibu have an obligation under Local Rules 7.1 and 37.1 and the Court's August 30, 2012 Scheduling Order (DE19) to notify Doe#1 and the Court that Comcast had already

1

responded to Subpoena prior to Doe#1 filing his motion to quash the Subpoena and during the pendency of the motion?

Doe#1's Response: Malibu had a duty under Local Rules 7.1 and 37.1 and the Scheduling Order (DE19) to disclose to Doe#1 and this Court that Comcast had previously responded to the Subpoena disclosing Doe#1's identity when Doe#1 sought concurrence prior to filing his motion to quash the Subpoena and when the parties submitted their joint statement of unresolved issues regarding the motion to quash (DE25).

Malibu's Response: Malibu Media did not have a duty under LR 7.1 and 37.1 and the Scheduling Order to inform Doe #1 it had received its name. Doe #1 received a letter from Comcast which stated: "Comcast will provide your name, address and other information as directed in the Order unless you or your attorney file something with the Eastern District of Michigan such as a motion to quash or vacate the Subpoena no later than August 15, 2012." Malibu Media did not receive this letter. Doe #1 then, after August 15, informed Malibu Media that it would file a motion to quash and contest the subpoena. At no point did Doe #1 inform Malibu Media of the above letter, nor did he inquire whether his information had been provided. Had he done so, Malibu Media would have been aware that his motion was untimely and checked its records to see whether it had received Doe #1's information and then informed Doe #1.

2. If Malibu had a duty to inform Doe#1, did Malibu violate that duty?

Doe#1's Response: Malibu violated its obligation to disclose because it did not inform Doe#1 or the Court until after oral argument on the motion when Malibu voluntarily dismissed Doe#1 from this action.

Malibu's Response: Malibu Media did not violate any duty. Neither undersigned nor Plaintiff had a duty to proactively cross reference its records. Simply put, Malibu Media did not think that a Doe defendant would deliberately file an untimely motion without first asking either Malibu Media or Comcast if the information had been released. Had Doe 1 informed counsel for Malibu Media that the motion to quash was going to be filed late, Malibu Media would have checked its records and informed Doe 1 that it had received his information.

3. If the Court finds that Malibu had a duty to inform, then Pursuant to Fed. R. Civ. P. 41(a)(b), should the Court alter Malibu's voluntary dismissal of Doe#1 into an involuntary dismissal (DE33) with prejudice pursuant to Fed. R. Civ. P. 41(a)(b), and/or award Doe#1 his attorney fees and costs arising from the motion to quash?

Doe#1's Response: Yes, an appropriate sanction for Malibu's violation is for the Court to alter the voluntary dismissal into an involuntary dismissal with prejudice and/or award Doe#1 his fees and costs arising from the motion to quash.

Malibu's Response: No, Malibu Media should not be sanctioned and Doe 1 does not cite any statute or law stating that dismissal and an award of attorney's fees is justified under these circumstances.

Respectfully submitted,

| | |
|---|---|
| /s/ *Paul J. Nicoletti* | /s/ *Hattem A. Beydoun* |
| Paul J. Nicoletti, Esq. (P44419) | Hattem A. Beydoun (P66071) |
| Nicoletti & Associates, PLLC | EPIC Law PLLC |
| 36880 Woodward Ave, Suite 100 | PO BOX 32598 |
| Bloomfield Hills, MI 48304 | Detroit, Michigan 48232 |
| Tel: (248) 203-7800 Fax: (248) 203-7801 | Tel: (888) 715-8033 Fax: (313) 254-4923 |
| Email: paul@nicoletti-associates.com | Email: hbeydoun@epiclg.com |
| Attorney for Plaintiff | Attorney for Defendant John Doe #1 |

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                    By:    /s/ *Paul J. Nicoletti*
                                                Paul J. Nicoletti, Esq. (P44419)