IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>    Plaintiff<br><br>    v.<br><br>John Does 1 - 13,<br><br>    Defendants. | Civil Action No.: 12-CV-12586-PJD-MJH<br><br>Honorable Patrick J. Duggan<br>Magistrate Michael J. Hluchaniuk |

Paul J. Nicoletti (P44419)
paul@nicoletti-associates.com
Nicoletti & Associates, PLLC
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel.:248-203-7800
Fax: 248-928-7051

Attorney for Plaintiff

Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch, PC
29 W. Lawrence St. Suite 210
Pontiac, MI  48342
Tel:  (248) 292-2920
Fax:  (248) 292-2910

Attorney for Third Party Subpoena Recipients
a/k/a Doe No. 4 & 11

## REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING PURSUANT TO FED. R. CIV.P. 12 (b)(1) and FED.R.CIV.P.12 (b)(6) OR, ALTERNATIVELY, TO DISMISS OR STAY THE ACTION UNDER THE DOCTRINE OF PRIMARY JURISDICTION

Defendants, John Doe #4 and John Doe #11, by and through their attorneys, Dobrusin & Thennisch PC (hereinafter "the Doe Defendants"), hereby submit their Reply Brief in support of the requested dismissal of the present action for lack of standing or, in the alternative, to stay the present proceeding under the doctrine of primary jurisdiction pending the disposition of fifteen (15) copyright registration cancellation requests which remain pending before the U.S. Copyright Office under 37 C.F.R. 201.7.

**THIS PLAINTIFF LACKS STANDING UNDER AT LEAST 17 U.S.C. §204**

In response to the specific standing issue raised by the Doe Defendants, Plaintiff has now submitted still additional "new" documentation, all created after the filing date of the present action, in the hopes of avoiding: (i) the otherwise "immutable" standing requirements of Article III which apply to all federal actions; (ii) the specific requirements of 17 U.S.C. §501 that the actual "owner" of the asserted copyright must be the named plaintiff when the case is filed; and (iii) even if the named plaintiff attempts to bring a copyright claim as the "assignee" of such rights, at least 17 U.S.C 204 requires that such a transfer be "in writing and signed by the owner of the rights conveyed ….".  Here, this Plaintiff has self-created yet another new document to explain the putative creation of its audiovisual depictions of human copulation, consisting of the new December 5, 2012 Clarification Of Assignment Agreement attached at Exhibit A hereto[1]. Specifically, Exhibit A – on its face – acknowledges that there was only an "oral assignment" on February 8, 2011 which, if allowed would the existence of 17 U.S.C. §204(a) meaningless.

As a threshold matter, the Doe Defendants respectfully reply as follows:

1.    Standing should not be a moving target for a defendant to disprove before an Article III Court through a succession of documents created after the filing of an action, but instead should be properly viewed to be part of a plaintiff's pre-filing inquiry; and

2.    If this Article III Court concludes that the "new and improved" February 8, 2011 admittedly oral assignment complies with Section 204(a) despite the fact that it is not a writing nor signed by anyone, then the Doe Defendants reserve the right to pursue additional motion practice under both Fed.R.Civ.P. 17 (to determine the putative "real party in interest") and Fed.R.Civ.P. 19 (relating to indispensable parties) in a future responsive pleading.

---

[1] It is unclear whether the December 5, 2012 document is also before the U.S. Copyright Office.

The gist of Plaintiff's "new" theory of its own case is that Malibu Media, LLC, the party that filed this case, is actually the alter-ego of Brigham and Collette Field. According to the Plaintiff, Mr. Field created the works at issue in this action, which he jointly owned with Mrs. Field. At some point in time (i.e. February 8, 2011), these works were "orally" transferred to Malibu Media, LLC, which just so happened to be formed in the State of California on that same date. Essentially, the named Plaintiff in this case (i.e. Malibu Media, LLC) argue that: since it is/was the alter ego of the underlying individuals under California state law, this Article III Court should simply overlook the federal statutory requirement in Section 204(a) of the same U.S. Copyright Act that the Plaintiff has elected to sue 13 different doe parties. With great respect, the Supremacy Clause, the preemptive nature of the U.S. Copyright Act itself, and applicable Sixth Circuit precedent all mandate that Copyright Claims (which is what are before this Court) require "national uniformity" in their application. Most notably, a plaintiff bringing a copyright claim under 17 U.S.C. §501 must take the "bitter with the sweet" in terms of the writing requirement of 17 U.S.C. §204(a) and Mr. & Mrs. Field (even if they reinvented pornography as we know it) cannot avoid such a federal statutory requirement based upon any interpretation of California state law. See *Ritchie v. Williams*, 395 F.3d 283, 285 (6th.Cir.2005) ("Congress has indicated that 'national uniformity' in the strong sense of 'complete preemption' is necessary in this field."). See also the Sixth Circuit's more recent reasoning in *Cincom Systems Inc. v. Novelis Corp.*, 581 F.3d 431 (6th.Cir. 2009). In *Cincom*, the Sixth Circuit discussed this balance between state and federal law in the context of the purported transfer of a copyright license by stating: "where state law would allow for the transfer of a license absent express authorization, state law must yield to the federal common law rule prohibiting such unauthorized transfers." In the context of patent and copyright cases which are clearly exclusive "federal questions" under

3

28 U.S.C. §1331 mandating the very type of "national uniformity" embraced by Ritchie, federal law must govern to prevent free assignability and to promote creativity. *Everex Sys., Inc. v. Cadtrak Corp.*, 89 F.3d 673, 679 (9th.Cir.1996).

Here, regardless of whether California limited liability company law gives Mr. Field an argument to the contrary, the simple fact remains that an admittedly oral assignment does not comply with the federal statutory requirements of at least 17 U.S.C. §204(a) and Mr. Field will simply need to be a party-plaintiff if he chooses to refile any actions based upon these asserted copyrights. First, since "national uniformity" is to be promoted, Brigham Field is the sole owner of the affected copyrights, and Malibu Media, LLC is not his alter-ego under California law. Indeed, the Copyright Act itself states that "Copyright in a work protected under this title vests initially in the author or authors of the work." 17 U.S.C. §201. In Mrs. Field's declaration it is expressly written "Brigham authored and produced the videos while we were an unincorporated partnership." *See Declaration of Collette Pelissier Field*, 5:12-cv-2088, Doc. 65-1, Para. 11. By Mrs. Field's own statement, Mr. Field was the author of the work, and the under the Copyright Act he was the sole copyright owner. However, because the later created Malibu Media, LLC may be co-owned by both the Fields, it does not follow that Mr. Field's (solely owned) rights as copyright holder transfer to the (jointly owned) LLC merely by virtue of Malibu's formation. Rather, even if such state law exists, it must yield to 17 U.S.C. §204(a) if complete preemption and national uniformity remain the desired goals of the copyright system.

Further, aside from the preemptive nature of the U.S. Copyright Act. it is also the law of California that a corporate plaintiff may not pierce its own veil to create standing where none would otherwise exist. The concept of alter-egos most often arises when an entity sues an individual for the acts of a corporation or LLC, on the theory that the corporation is a complete

4

alter ego for the individual and unless the owners of the LLC are personally liable, an injustice will be done. However, the courts of California applying California's Corporations Code, have held that an individual may not claim to be the alter-ego of a company to establish standing as a Plaintiff. *See Grotenhuis v. County of Santa Barbara*, 182 Cal. App. 4th 1158, 1164 (Cal. App. 2010). It naturally follows that the reverse is true — the LLC lacks standing to assert claims that rightly belong to the company's individual owner(s).

Finally, most of Plaintiff's arguments are inapplicable to the present case. Plaintiff is correct that the Doe Defendants may lack standing to challenge the substance of the copyright assignments; however, that is not what the Doe Defendants are trying to do. The Doe Defendants are *defendants* — they do not raise the issue to invalidate the Plaintiff's assignments, they do so because the named Plaintiff does not own the copyrights in question. Ownership of a valid copyright is the first element of any claim for copyright infringement under 17 U.S.C. §501. The Doe Defendants, therefore, raise the issue because it both negates the first element of the offense, and also because it means that the Plaintiff lacks standing to sue.

WHEREFORE, the Doe Defendants respectfully request this Court to dismiss the named Plaintiff's June 14, 2012 Complaint in its entirety due to a lack of standing to assert these copyright claims, or in the alternative, to stay the present action under the doctrine of primary jurisdiction pending the disposition of the cancellation filings under 37 C.F.R. 201.7.

/s/Jeffrey P. Thennisch _____
Jeffrey P. Thennisch, Attorney for Doe Defendants
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910

CERTIFICATE OF SERVICE

I, hereby certify that on December 26, 2012, I electronically filed the foregoing paper(s) with the Clerk of the Court using the E-file and Serve which will send notification of such filing to all counsel of record.

/s/Jeffrey P. Thennisch _____
Jeffrey P. Thennisch, Attorney for Third Party
Jeffrey P. Thennisch (P51499)
jeff@patentco.com
Dobrusin & Thennisch PC
29 W. Lawrence Street, Suite 210
Pontiac, Michigan
Telephone: (248) 292-2920
Facsimile: (248) 292-2910