UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC

      Plaintiff,

                                          Civil Case No. 12-12586
v.                                    Honorable Patrick J. Duggan

JOHN DOES 1-13,

      Defendants.
_____/

## OPINION AND ORDER DENYING MOTION TO DISMISS FOR LACK OF STANDING OR, ALTERNATIVELY, TO DISMISS OR STAY THE ACTION UNDER THE DOCTRINE OF PRIMARY JURISDICTION

On June 14, 2012, Plaintiff Malibu Media, LLC ("Malibu") filed this lawsuit alleging that Defendants copied and distributed fifteen (15) federally registered copyrighted movies owned by Plaintiff in violation of the United States Copyright Act of 1976, 17 U.S.C. §§ 106, 501. Malibu designated Defendants as "John Does" because it was not in possession of the identities of the alleged infringers when it filed suit. Instead, it knew only the internet protocol (IP) addresses associated with the devices, connected to the Internet, that were used to commit the alleged infringement.

Presently before the Court is a motion filed by two of those defendants, John Does #4 and #11 (hereafter "Doe Defendants"), filed November 12, 2012. Arguing that Malibu lacks standing to pursue this infringement action, the Doe Defendants seek dismissal of the lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Alternatively, the Doe Defendants ask the Court to stay or dismiss the lawsuit pursuant to the doctrine of primary jurisdiction pending the disposition of alleged requests to cancel the fifteen

copyrights at issue. Malibu filed a response to the Doe Defendants' motion on December 10, 2012. The Doe Defendants filed a reply on December 26, 2012. The Court concludes that oral argument will not aid in its disposition of the motion and therefore dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1. For the reasons that follow, the Court denies the Doe Defendants' motion.

**I.     Applicable Standards**

Although the Doe Defendants cite to Rule 12(b)(6) in support of their motion, their primary argument in support of dismissal is that Malibu lacked standing when it filed this infringement action under Article III of the United States Constitution and therefore the Court lacks subject matter jurisdiction. Thus their request for dismissal is premised on Rule 12(b)(1). Rule 12(b)(1) motions may assert facial or factual attacks to the Court's jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).

The Sixth Circuit has contrasted these two methods of attacking subject matter jurisdiction:

> A *facial* attack is a challenge to the sufficiency of the pleading itself. On such motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party . . . A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Id*. (internal citations omitted) (emphasis in original). Regardless of which type of motion is brought, it is the plaintiff's burden to demonstrate that the court has jurisdiction over

the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F3.d 1125, 1134 (6th Cir. 1986)(citation omitted). Here, the Doe Defendants are raising a factual attack to the Court's jurisdiction.

## II.    Factual Background

Malibu is a limited liability company organized and existing under the laws of California. (Compl. ¶ 7.) It was formed by Colette Pelissier Field ("Ms. Field") and her husband, Brigham Field ("Mr. Field") (collectively "the Fields") on February 8, 2011. (ECF No. 50 Ex. A ¶¶ 10, 12.)

At some time prior to Malibu's formation, the Fields went into business to create and distribute erotic movies. They operated as an unincorporated partnership. Mr. Field authored and produced the movies for the partnership. (*Id*. ¶ 11.) Between November 18, 2011 and March 30, 2012, copyrights were registered for the fifteen movies at issue in this lawsuit (hereafter "works"). (Compl. Ex. B.) According to the copyright registrations, the works were published between October 23, 2009 and November 18, 2011. (*Id*.) Malibu, as the employer for hire, is identified on the copyright registrations as the copyright claimant. (*Id*.) According to Ms. Field, this was a mistake with respect to works authored before Malibu was formed (i.e. all but one of the fifteen works).[1] (ECF No. 50 Ex. A ¶ 15.)

---

[1] According to a print-out from the Copyright Office that Malibu attached to its Complaint, "Just the Two of Us" was published on November 18, 2011. (Compl. Ex. B.) The remaining movies were created and published in 2009 or 2010. (*Id*.)

However, when Malibu was formed, the Fields had agreed that Mr. Field's copyrights in the works (as their author) would be transferred to it. (*Id.* ¶ 12.) "They intended for the transfer of rights to cover every single right associated with a copyright; including the exclusive right to sue for past, present, and future infringement." (*Id.*) Thus on September 13, 2012, Malibu's attorney filed with the United States Copyright Office a "Form CA", which is used to correct and amplify a copyright registration, for each copyright. (*Id.* Ex. C.) The filings correct the initial registrations which represented that the works were authored by Malibu as the employer for hire to show that they were authored by Mr. Field, but then transferred to Malibu through an assignment. (*Id.*)

> This assignment, which was executed by Mr. Field and Malibu, states:
>
> This Copyright Assignment is entered into by and between Brigham Field ("Assignor") and Malibu Media, LLC ("Assignee"). Now, therefore, for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, the Assignor hereby sells, assigns, transfers, conveys, and delivers to the Assignee all of the Assignor's right, title, and interest in and to the copyrights for the motion pictures listed below (the "Works") including all registrations and applications covering the Works.

(ECF No. 41 Ex. D.) The listed "Works" include those at issue in this lawsuit. (*Id.*) On December 5, 2012, Mr. Field and Malibu signed a "Clarification of Assignment Agreement" which states:

> I, Brigham Field, . . . affirm that on February 8, 2011, I did sell, assign, transfer, convey, and deliver all of my right, title and interest in and to the copyrights for the motion pictures listed below exclusively to Malibu Media, LLC, . . . This assignment includes all right[s], title and interest in and to the copyrights, including, but not limited to, each and every one of the exclusive rights set forth in 17 U.S.C. § 106, . . . and all other rights I did then have, including . . . the right to sue for past, present and future

>  infringement. The foregoing assignment clarifies and more accurately memorializes the terms of the February 8, 2011 oral assignment and supersedes and replaces the existing written assignment recorded with the United States Copyright Office on September 13, 2012.

(Doc. 50 Ex. B.)

### III.   The Doe Defendants' Arguments

In their pending motion, the Doe Defendants argue that Malibu lacked standing to bring this lawsuit because it "was not the rightful owner of 'the Works'" at the time of filing. (ECF No. 41 at 2.) The Copyright Act provides that only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement . . ." 17 U.S.C. § 501(b). As Malibu had not been formed when all but one of the works were created, they argue it could not obtain ownership as the "employer for hire" and therefore the copyright registrations are invalid and/or fraudulent. Because standing must exist at the time of filing, the Doe Defendants maintain that the September 13, 2012 assignment does not cure the standing problem. Further, they argue that the assignment did not assign any rights to sue for *past* infringements. For these reasons, the Doe Defendants contend that this action must be dismissed.[2]

Alternatively, the Doe Defendants ask the Court to dismiss or stay the litigation based on the doctrine of primary jurisdiction. The Ninth Circuit Court of Appeals has

---

[2] The Doe Defendants ignore that at least one of the works was created and published after Malibu's formation, thus granting it standing to sue for infringement of that work. Therefore, even if the Doe Defendants were correct as to the remaining works, the entire lawsuit would not need to be dismissed.

explained when this doctrine is appropriately used:

> Primary jurisdiction is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency. *See Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 442, 27 S. Ct. 350 (1907). "The doctrine applies when protection of the integrity of a regulatory scheme dictates preliminary resort to the agency which administers the scheme." *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1362 (9th Cir.1987).

*Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1172 (9th Cir. 2002). The Doe Defendants claim that, currently pending before the U.S. Copyright Office, are cancellation filings asserting that the registrations for the works at issue are defective. (ECF No. 41 at 9-10.) They argue that, pursuant to the doctrine of primary jurisdiction, the Court should stay or dismiss this action until the Copyright Office acts upon those filings.

**IV.     Applicable Law and Analysis**

The Doe Defendants are correct that Malibu cannot claim ownership of the copyrights as works made for hire, as the limited liability company did not exist when the works were authored. *See Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003). The error in the copyright registrations, however, is not determinative of Malibu's ability to file this lawsuit. "The case law is overwhelming that inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the

misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997) (citing treatise and cases); *see also Billy-Bob Teeth, Inc.*, 329 F.3d at 591 (citing *Data Gen. Corp. v. Grumman Sys. Support Corp*, 36 F.3d 1147 (1st Cir. 1994) and *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452 (2d Cir. 1989)). There is no evidence that any alleged infringer detrimentally relied on the inaccurate identification of how Malibu acquired its interests in the copyrights or that Malibu intended to defraud the Copyright Office.

Copyrights can be transferred from an owner to another entity and the Copyright Act provides that this can be done ". . . by any means of conveyance or by operation of law, . . .." 17 U.S.C. § 201(d)(1). The Act sets out the requirements of a transfer:

> A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent.

17 U.S.C. § 204(a). However courts, including this one, have held that an owner's execution of a writing confirming an earlier oral agreement to transfer his or her copyright interests validates the transfer *ab initio*. *Billy-Bob Teeth, Inc.*, 329 F.3d at 591 (citing *Arthur Rutenberg Homes, Inc. v. Drew Homes, Inc.*, 29 F.3d 1529, 1532 (11th Cir. 1994) and *Imperial Residential Design, Inc. v. Palms Dev. Grp., Inc.*, 70 F.3d 96, 99 (11th Cir. 1995)); *see also Eden Toys, Inc. v. Florelee Undergarment Co.*, 697 F.2d 27, 36 (2d Cir. 1982) (citing cases), *superseded by statute on other grounds*; *Niemi v. Am. Axle Manuf. & Holding, Inc.*, No. 05-74210, 2006 WL 3103863 (E.D. Mich. Oct. 31,

2006).

Thus, the September 13, 2012 written assignment confirming Mr. Field's prior intent to transfer his copyright interests in the works to Malibu upon its creation validates the transfer *ab initio*. Because the transfer is valid effective February 8, 2011 (i.e, the date of Malibu's formation), the Court does not find it determinative whether the written agreement included Mr. Field's right to sue for *past* infringement (as Malibu claims Defendants' alleged infringement occurred after that date). Nevertheless, and contrary to the Defendant Does' assertion, this Court finds that the September 13, 2012 written assignment included Mr. Field's right to sue for past infringement in that it applied to "*all* of the Assignor's right, title, and interest in and to the copyrights . . ." *See supra* (emphasis added). And further, Mr. Field has executed an additional writing clarifying that the oral assignment included his right to sue for past infringement.

Moreover, courts have held that a third-party infringer lacks standing to challenge the transfer of a copyright based on § 204. *See, e.g., Billy-Bob Teeth, Inc.*, 329 F.3d at 592-93 (citing *Imperial Residential Design, Inc.*, 70 F.3d at 99); *Eden Toys, Inc.*, 697 F.2d at 36. As the Eleventh Circuit stated in *Imperial Residential Design, Inc.*:

> [T]he chief purpose of section 204(a), (like the statute of frauds), is to resolve disputes between copyright owners and transferees and to protect copyright holders from persons mistakenly or fraudulently claiming oral licenses or copyright ownership. . . . it would be unusual and unwarranted to permit a third-party infringer to invoke section 204(a) to avoid suit for copyright infringement.

70 F.3d at 99. It is clear from the evidence Malibu presents that there is no dispute

between Mr. Field and Malibu regarding the status of the copyrights.

For these reasons, the Court concludes that Malibu had standing to file this lawsuit against Defendants.

With respect to the Doe Defendants' request for application of the doctrine of primary jurisdiction, they notably fail to address in their reply brief Malibu's argument that there is no procedure for a third-party infringer to request that the Copyright Office cancel a plaintiff's copyrights. The Doe Defendants also do not counter the authority Malibu cites indicating that the Copyright Office provides a procedure for correcting innocent mistakes that do not invalidate the eligibility for copyright and will not invalidate a copyright for such mistakes. The Court, therefore, finds no reason to stay or defer this litigation to allow the Copyright Office to exercise its statutory and regulatory authority.

Accordingly,

**IT IS ORDERED**, that the Motion to Dismiss for Lack of Standing Pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or, Alternatively, to Dismiss or Stay the Action Under the Doctrine of Primary Jurisdiction, filed by Defendants John Doe #4 and John Doe #11 is **DENIED**.

Dated: February 22, 2013            s/PATRICK J. DUGGAN
                                                       UNITED STATES DISTRICT JUDGE

Copies to:
Paul J. Nicoletti, Esq.
Jeffrey P. Thennisch, Esq.